JOSEPH M. WAGNER, Defendant in Error, *vs.* THE CHI-
CAGO AND ALTON RAILROAD COMPANY, Plaintiff in
Error.

*Opinion filed October 16, 1914—Rehearing denied Dec. 2, 1914.*

1. NEGLIGENCE—*when fact of a railroad company's erection or
maintenance of a semaphore pole is not material.* If a railroad
company owns and controls a switch track and permits a sema-
phore pole to be erected and remain for several years dangerously
close to the track, its liability for an injury caused by reason of
the closeness of the pole to the track is not affected by the fact
that the pole was not erected, owned or maintained by such com-
pany, but was erected and maintained by another company as a
part of the joint interlocking system.

2. SAME—*error of judgment does not necessarily imply a want
of ordinary care.* An error of judgment on the part of the con-
ductor of a switching crew in riding on the side of a baggage car
in rounding a curve on a Y-track instead of riding on the end of
the car, or in not jumping from the car when he saw how close it
would come to a semaphore pole near the track, does not neces-
sarily imply a want of ordinary care.

3. SAME—*when employee's acceptance of benefits from relief
fund operates as a release.* Where the contract between a railroad
company and its employee provides that voluntary acceptance of
benefits by him from the relief department after receiving an in-
jury shall operate as a satisfaction of further claims against the
employer on account of such injury, such acceptance, with the
knowledge of the provision of the contract, operates as a satisfac-
tion and is a bar to a subsequent suit.

4. SAME—*Federal Employers' Liability act has modified rule as
to effect of acceptance of benefits.* The Federal Employers' Lia-
bility act has modified the law of this State with reference to the
acceptance of benefits by an employee from the relief department
of his employer by merely allowing the employer, in a suit for
damages under the Federal act, to set off the sum it has con-
tributed to its relief department that may have been paid to the
injured employee.

5. SAME—*when alleged release of joint tort feasor is not a bar.*
In an action for common law negligence against a railroad com-
pany by an employee of another company which was using the
defendant's tracks and was a joint tort feasor with the defendant,
if the defendant offers evidence to show that the plaintiff has re-

leased the joint tort feasor by accepting benefits from its relief department, the plaintiff may prove, in rebuttal, that at the time of his injury the engine and cars were engaged in inter-State commerce; and in such case the release is not a bar as between the plaintiff and the joint tort feasor, under the Federal Employers' Liability act, and cannot be availed of by the defendant.

CARTWRIGHT, C. J., and DUNN, J., dissenting.

WRIT OF ERROR to the Branch "D" Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN McNUTT, Judge, presiding.

WINSTON, PAYNE, STRAWN & SHAW, (SILAS H. STRAWN, EDWARD W. EVERETT, and J. SIDNEY CONDIT, of counsel,) for plaintiff in error.

JAMES C. McSHANE, for defendant in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

Joseph M. Wagner, the defendant in error, recovered a judgment in the superior court of Cook county against the plaintiff in error, the Chicago and Alton Railroad Company, for $15,000 for injuries alleged to have been sustained by him while employed by the Chicago, Burlington and Quincy Railroad Company as a conductor in charge of a switching crew operating an engine and five cars over a track of plaintiff in error. On appeal the Appellate Court for the First District required a *remittitur* of $387.09 to be entered and the judgment was affirmed as to the remainder. The judgment of the Appellate Court has been brought here for review by writ of *certiorari*.

On the trial plaintiff in error tendered a peremptory instruction, which was refused by the court. This action of the court is assigned as error, on the ground that the evidence was insufficient to charge plaintiff in error, in law, with actionable negligence or to prove due care on the part of defendant in error.

The evidence introduced on the part of the defendant in error tended to prove that he had been in the employ of the Burlington company for twenty years as a number-taker, car-sealer, car-carder, switchman, timekeeper, and for the last four years as conductor in charge of a switching crew in Chicago. He was directed to take five baggage cars of the Great Northern Railway Company, which had come to Chicago on the Burlington road, and deliver them to the Erie Railroad Company at its Fifty-fifth street yards, three or four miles distant. The cars were assembled, and in the course of the transfer over different roads the engine was pushing them over a Y-track which was a part of plaintiff in error's Grove street tracks, connecting the tracks of the Pennsylvania and the Chicago and Western Indiana Railroad Companies. This Y-track ran north-east, and the train entered it at its connection with the Pennsylvania tracks, at the south-west end, and it was going north-east to the connection with the Chicago and Western Indiana tracks. There were many tracks at the place, and there was a semaphore post sixteen feet high, four inches square and painted white, standing near the track, which had been erected and was maintained and operated by the Chicago and Western Indiana Railroad Company and was a part of the joint interlocking system. Plaintiff in error did not own or in any manner control the post or its location, and the post had been there for twelve years while cars were frequently passing over the tracks. Defendant in error was hanging on the side of the front baggage car, fifteen feet from the front end, where there was a door set back four or five inches from the side of the car, forming a recess. He was standing with his feet on the truss-iron under the bottom of the door or on a step below the door and was holding on by perpendicular grab-irons on the sides of the door. There was a controversy whether the track was straight near the semaphore or not, but the evidence for defendant in error was that it was curved and he was on the inside of the curve.

The train moved slowly over the 'Y and he could see the semaphore for at least one hundred feet, but he testified that it looked as if there was plenty of room until he came near the post, when he squeezed his body as tight as he could to the car, but he was struck, thrown down and permanently injured. There was room enough between the semaphore and° the end of the car as defendant in error came near the post, but the chord or right line formed by the side of the car, which was sixty-five feet long, intersecting the curve brought the part of the car where defendant in error was hanging nearer to the post.

Plaintiff in error had made all repairs on the track for twelve years, employed switchmen, who made a record of all the engines and cars passing over the track, and for at least five years had rendered bills to the Burlington company for trackage of its engines and cars, including two engines and five cars in the month of the accident. There was sufficient evidence of plaintiff in error's ownership and control of the track, and the semaphore post had been in the same place for many years. If the post was in dangerous proximity to the track it was negligence on the part of plaintiff in error to continue to operate trains, or to permit their operation by its licensee, with the dangerous obstruction, and the fact that the post was not erected nor maintained by plaintiff in error would not relieve it from liability. (*Illinois Terminal Railroad Co.* v. *Thompson,* 210 Ill. 226; *South Side Elevated Railroad Co.* v. *Nesvig,* 214 id. 463.) The evidence tended to prove negligence of plaintiff in error authorizing the submission of that issue to the jury.

On the question of the care exercised by defendant in error, he testified the semaphore post was in plain sight for a considerable distance, and it was undisputed that he could have jumped off before reaching it, and it was not necessary for him to ride where he was, as there were other places of safety on the cars. A brakeman with an air-gun

or tail-hose was located at the front end of the front car and was able to apply the air and stop the train. There was evidence that defendant in error ought to be somewhere where he could signal the engineer, and the evidence tended to prove that there was room enough between the post and the end of the car, and it was within the fifteen feet that the car came too close to the post. Even if there was an error of judgment on the part of defendant in error, it would depend upon the circumstances whether it amounted to negligence, since a mistake does not in all cases imply a want of ordinary care. (*Chicago and Eastern Illinois Railroad Co.* v. *O'Connor,* 119 Ill. 586; *North Chicago Street Railroad Co.* v. *Dudgeon,* 184 id. 477.) The law does not pronounce a party to be either negligent or free from negligence under the conditions shown by the evidence, and the court did not err in submitting the issue to the jury.

The original declaration charged that plaintiff in error and the Burlington company were common carriers and engaged in inter-State commerce; that defendant in error was employed as a switchman in such commerce by the Burlington company; that plaintiff in error owned the track on which the Burlington company, at the invitation and with the knowledge of plaintiff in error, operated its engine and cars, and that defendant in error was injured by a semaphore negligently placed or permitted to be placed alongside the track. Plaintiff in error filed a plea of the general issue and a special plea denying that it owned, possessed or operated the track or the semaphore. Later two additional counts were filed by leave of court in which no mention was made of inter-State commerce, and there was no allegation that the engine or cars were engaged in such commerce but the liability charged was based on common law negligence. To the additional counts the same pleas were filed as before; also a special plea of the Statute of Limitations. The defendant in error's demurrer to the plea of the Statute of Limitations was sustained and the case

was called for trial. In the course of the trial evidence was offered on the part of defendant in error tending to prove that the engines and cars were engaged in inter-State commerce, when an objection was interposed on the ground that the question of inter-State commerce had been eliminated and the demurrer to the plea of the Statute of Limitations sustained by agreement. While this stipulation or agreement does not appear in the bill of exceptions, it does satisfactorily appear from what followed when this objection was made that such an agreement had been entered into. The evidence that had been offered on this question was then stricken out by the court and no further evidence relating to inter-State commerce was offered. Whether there was such an agreement or not is not material, so far as the case made by defendant in error in the first instance is concerned. Defendant in error had no cause of action against plaintiff in error under the Federal Employers' Liability act, as that act applies only where the relation of master and servant exists. To meet the case of defendant in error, the plaintiff in error proved that he was, and had been since 1902, a member of the relief department of the Burlington company; that the employees of that company made monthly contributions to the relief fund; that the company maintained the department and bore the operating expenses, and that he had accepted from the relief fund, as benefits, the sum of $1231, and that $1349.59 had been paid in his behalf for hospital bills, physicians' services, and the like. Of these amounts the Burlington company had contributed not to exceed fifteen per cent, or $379.09,—the amount for which the Appellate Court required defendant in error to file a *remittitur*. In rebuttal defendant in error was permitted to prove that at the time he was injured the engine and cars were engaged in inter-State commerce. The court gave, at the instance of defendant in error, an instruction that if the jury found plaintiff in error guilty, then, in the assessment of dam-

ages, they should not credit the plaintiff in error with what
the Burlington relief department had paid to the defendant
in error or to any doctor or association on his account.
The admission of this evidence in rebuttal and the giving
of this instruction are assigned as error.

There can be but one satisfaction for an injury, and if
defendant in error made a settlement with the Burlington
company and released it from further liability, it was a re-
lease, also, of plaintiff in error from all liability, as the
Burlington company was a joint tort feasor. The contract
of defendant in error with the relief department provided
that the voluntary acceptance by him of benefits after re-
ceiving an injury should operate as a satisfaction of further
claims against the employer on account of such injury, and
it is the law of this State that such an acceptance, with
the knowledge that the contract contained such a provision,
operates as a satisfaction and bar to a subsequent suit for
damages. (*Eckman* v. *Chicago, Burlington and Quincy
Railroad Co.* 169 Ill. 312.) The State law in this regard
has been modified, however, by the Federal Employers' Lia-
bility act as to cases where injuries are received by certain
employees of an employer engaged in inter-State commerce.
The Federal act provides that any contract, rule, regulation
or device whatsoever, the purpose or intent of which shall
be to enable any common carrier to exempt itself from
any liability created by the act, shall to that extent be void,
provided that in any action brought against any such com-
mon carrier under the act such common carrier may set off
any sum it has contributed or paid to any insurance, re-
lief, benefit or indemnity that may have been paid to the
injured employee or the person entitled thereto, on account
of the injury or death for which the action is brought.
Prior to the passage of the Federal Employers' Liability
act the laws of the several States were determinative of
the liability of employers engaged in inter-State commerce,
for injuries received by their employees while engaged in

such commerce. That was because Congress had not acted and because the subject is one which falls within the police power of the States in the absence of action by Congress. Now that Congress has acted, the laws of the States, in so far as they cover the same field, are superseded by the Federal act. *Mondou* v. *New York, New Haven and Hartford Railroad Co.* 223 U. S. 1; *Michigan Central Railroad Co.* v. *Vreeland,* 227 id. 59; *St. Louis and San Francisco Railway Co.* v. *Hesterly,* 228 id. 702.

Whether it had been stipulated, during the presentation of the defendant in error's case in chief, that the question of inter-State commerce was not in the case is immaterial. That stipulation simply left the case as though no such allegation had been made in the declaration. When plaintiff in error attempted to prove a satisfaction by the payment of benefits by its joint tort feasor, the Burlington company, to defendant in error, it was proper for defendant in error, in rebuttal, to show that no valid release had been given the Burlington company by him. As between defendant in error and the Burlington company the Federal Employers' Liability act clearly applied, and if, as the United States Supreme Court has repeatedly held, that law supersedes all State laws on the subject, then the release given by defendant in error to the Burlington company was not valid and would not have precluded recovery by him from that company. If it was not valid so far as the Burlington company was concerned, it was clearly invalid as to plaintiff in error and constituted no defense to this action.

The evidence in rebuttal was properly admitted. The court erred in giving the instruction complained of, but that error was cured by the *remittitur* required and entered in the Appellate Court.

Complaint is made of alleged improper remarks of counsel for defendant in error, but we perceive nothing in this record that would warrant a reversal of the judgment.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

CARTWRIGHT, C. J., and DUNN, J., dissenting:

The bill of exceptions shows that the plaintiff withdrew all questions relating to inter-State commerce for the purpose of having a demurrer disposed of and having an immediate trial, and all claims growing out of any act regulating inter-State commerce were thereby eliminated from the case. When the agreement was made known to the trial court, the evidence that had been admitted tending to prove that the engine and cars were engaged in inter-State commerce was stricken out by the court and no evidence relating to that subject remained in the record. Without the agreement the plaintiff had no cause of action against the defendant under the Federal Employers' Liability act, which only applies where the relation of master and servant exists, and to maintain an action under the act it is necessary to allege and prove the existence of that relation. The only mention made of inter-State commerce was in the original declaration, consisting of a single count, which charged that the defendant and the Chicago, Burlington and Quincy Railroad Company were common carriers engaged in inter-State commerce; that the plaintiff was employed as switchman in such commerce by the Burlington company; that the defendant owned the track upon which the Burlington company, at the invitation and with the knowledge of the defendant, operated its engines and cars, and that the plaintiff was injured by a semaphore negligently caused or permitted to be placed along the side of the track. There was no averment that the plaintiff was an employee of the defendant, but, on the contrary, it was averred that he was employed by the Burlington company, and the evidence showed that he was not an employee of the defendant, so there was neither averment nor proof constituting a cause of action under the Federal Employers' Liability act. The only cause of action alleged or proved was created by the law of this State, and, although the plaintiff could only recover under that law, the opinion

of the majority is that the defendant was rightfully denied its defense under the same law.

There can be but one satisfaction for an injury, and if the defendant was liable the Burlington company was also liable and a joint tort feasor with it. The Burlington company had been running over this track in its existing condition for many years, had obtained the right to use, and had used, it in making deliveries to other railroads, and almost every month for at least five years had received a bill rendered by the defendant for the use of it. The Burlington company was chargeable with notice of the existing conditions, and if there was a cause of action against the defendant there was a cause of action for the same injury against the Burlington company. One was owner and the other licensee, and neither one erected, maintained or controlled the semaphore. One was as much liable for an injury from its location as the other, so that a satisfaction as to one would have the same effect as to both. *City of Chicago* v. *Babcock,* 143 Ill. 358; *West Chicago Street Railroad Co.* v. *Piper,* 165 id. 325; *Wallner* v. *Chicago Traction Co.* 245 id. 148.

It is admitted by counsel, and was confessed by the *remittitur* in the Appellate Court, that the sums paid to and accepted by the plaintiff were to inure to the benefit of the defendant as a joint tort feasor with the Burlington company, and the defendant, to show a release of the cause of action, proved the following facts: The plaintiff was, and since 1902 had been, a member of the relief department of the Burlington company, and employees of that company made monthly contributions to the relief fund. The company maintained the department and bore the operating expenses, and during the years 1908, 1909 and 1910 contributed to the fund, without reimbursement, $244,000. The plaintiff had received from the relief fund, on account of his injury, $1231 for benefits and $1349.50 paid for hospital bills, physicians' services, and the like, and was

still receiving similar benefits from the fund and would continue to receive them while disabled.

It is the law of this State that a voluntary acceptance by a railroad employee, after receiving an injury, of the benefits provided for in his contract of membership in the relief department of his employer, with knowledge that the contract provides such acceptance shall operate as a satisfaction of further claims against the employer on account of such injury, operates as a satisfaction and a bar to a subsequent suit for damages. This was decided in *Eckman v. Chicago, Burlington and Quincy Railroad Co.* 169 Ill. 312, following the general current of authorities in other States on the same subject. It was there held that such a contract by which an employee receives at once and without dispute or question a sum of money, perhaps less than he might prove in an action against the employer at the end of litigation, with the attending delays and expenses, and perhaps a division with attorneys, is not contrary to the public policy of the State. The facts proved by the defendant were sufficient to establish, under the law of this State, a satisfaction by the Burlington company of the plaintiff's injury and damages, and the evidence admitted in rebuttal was for the purpose of destroying that defense by means of the Federal Employers' Liability act, which gave no cause of action to the plaintiff and under which the suit was not and could not have been brought. Congress has supreme control over the subject of commerce between the several States, and no one disputes the proposition that whenever suit is brought and facts are averred which constitute a cause of action under an act of Congress relating to that subject, the act supersedes all legislation over the same subject by the States, but Congress cannot, and has not attempted to, determine what shall be the policy of a State or what its laws shall be. There is no act of Congress which would give any right of action in favor of the plaintiff against the defendant, whether

engaged in inter-State commerce or not. Congress has not legislated on that subject at all. In an action brought under the State law the defendant is as much entitled to the benefit of the law as the plaintiff. If the law of this State was good for the purpose of recovery it was equally good to establish a defense against the cause of action existing under the same law. To say that a law regulating the rights and duties of parties and giving a right of action for a violation of such rights and duties, and declaring what shall be a release of such right of action, is available for sustaining the action and not available for a defense is to destroy that equality of right which the law is intended to and must preserve. While the Federal statute supersedes the law of the State as to employer and employee when engaged in inter-State commerce, it only supersedes such law where allegations constituting a cause of action under it are made and proved. In the case of *Mondou* v. *New York, New Haven and Hartford Railroad Co.* 223 U. S. 1, the opinion was delivered in four cases and the right of action in each was based solely on the act of Congress. The case of *Michigan Central Railroad Co.* v. *Vreeland,* 227 U. S. 59, presented exactly the same condition. The proviso to section 5 of the Federal statute allowing the employer to set off any sum it has contributed to a relief benefit or indemnity fund is expressly limited to actions brought under or by virtue of the provisions of the act, and neither that proviso nor anything contained in the act relates in any way to an action brought under a State law. If the plaintiff had sued his employer, the Burlington company, and alleged that the injury occurred while the engines and cars were engaged in inter-State commerce, the Federal statute would apply and the employer could only set off against the damages the sum contributed to the relief fund, but if the plaintiff had brought this suit against the Burlington company the evidence of membership in the relief department and the receipt of benefits would have

established a satisfaction for the injury and have been a complete defense.  We do not agree with the majority that a plaintiff may bring an action under the law of one jurisdiction and prevent a valid defense under that law by invoking the law of another and different jurisdiction.  The cause of action having been released, we think the judgment of the Appellate Court should be reversed and the cause remanded to the superior court.