Gilbert v. St. Louis, Springfield & Peoria R. R., 220 Ill. App. 51.

Finding no reversible error, the judgment of the circuit court is affirmed.

*Judgment affirmed.*

---

## Jacob Gilbert, Appellee, v. St. Louis, Springfield & Peoria Railroad, Appellant.

1. APPEAL AND ERROR, § 1652*—*when error in instruction is not cured.* The giving of an instruction in a case of injury resulting from a collision between street cars, which in effect directed a verdict for plaintiff and ignored the defense of release, was reversible error, which the giving of correct instructions could not cure.

2. RAILROADS, § 485*—*when lessor and lessee are liable for injuries.* When the track of a railroad is leased to another to use and the lessee by its negligent use causes injury to a third person, the lessor is jointly liable with the lessee for the damages caused thereby.

3. RELEASE, § 21*—*what is effect of release of one wrongdoer.* Where a person having a joint right of action for negligence against two persons settles with and releases one of those jointly liable, both are released.

Appeal from the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding. Heard in this court at the April term, 1920. Reversed with finding of fact. Opinion filed October 27, 1920.

GRAHAM & GRAHAM, for appellant; BURTON & HAMILTON, of counsel.

JOHN G. FRIEDMEYER, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

Appellee was injured in a collision between a street

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

car he was running and one that was being operated by appellant on the tracks of the Springfield Consolidated Railway Company under a lease from that company. He recovered a judgment against appellant for $1,200.

On the trial it was proven that appellee had executed and delivered a release under seal of all his damages, sustained by reason of the collision in question for the expressed consideration of $40. This release when introduced in evidence by its terms was a release of both appellant and the Springfield Consolidated Railway Company. Appellee admits that he executed and delivered a release to the Springfield Consolidated Railway Company for the consideration mentioned, but denies that the name of appellant was in it when it was signed by him. With the record in that shape appellee asked the court to give and the court gave the following instruction:

"The court instructs the jury that if you believe from a preponderance of all the evidence, that the plaintiff was in the exercise of reasonable care and caution for his own safety, before and at the time of the injury complained of in the declaration, or some count thereof, and that the defendant so negligently and carelessly operated its electric railroad car, as to run into, and collide with the street car in which' plaintiff was riding, and that the injuries sustained by the plaintiff, if any, were caused by the negligence of the defendant as charged in the declaration or some count thereof, then you should find the defendant guilty."

This instruction directs a verdict and ignores the defense of release. It was reversible error to give that instruction, and one which the giving of correct instructions could not cure. *Mooney v. City of Chicago*, 239 Ill. 414-422, 423.

When the track of a railroad is leased by the owner to another to use and the lessee by his negligent use of the same causes injury to a third person, the lessor

is jointly liable with the lessee for the damages caused thereby. *West Chicago St. R. Co. v. Horne,* 197 Ill. 250; *Anderson v. West Chicago St. R. Co.,* 200 Ill. 332; *Chicago & G. T. R. Co. v. Hart,* 209 Ill. 414; *Chicago & E. I. R. Co. v. Schmitz,* 211 Ill. 446.

Where a person having a joint right of action for negligence against two persons settles with and releases one of those so jointly liable, both are released. *City of Chicago v. Babcock,* 143 Ill. 358; *West Chicago St. Ry. Co. v. Piper,* 165 Ill. 325; *Wagner v. Chicago & A. R. Co.,* 265 Ill. 245. Whether the release offered in evidence was given the Springfield Consolidated Railway Company and appellant, as appellant claims, or to the Springfield Consolidated Railway Company alone, as appellee claims, is immaterial to the defense of release, as in either case both of such tort-feasors are discharged thereby from liability.

The judgment of the circuit court is reversed with a finding of fact to be incorporated in the judgment of this court that appellee executed and delivered to the Springfield Consolidated Railway Company his release in writing under seal, by the terms of which it was discharged from all liability on account of the injuries complained of, and that thereby appellant was also released and discharged from all liability on account of such injuries.

*Reversed with finding of fact.*