# PETER WAGNER

## v.

# UNION STOCK YARDS & TRANSIT COMPANY.

*Railroads—Negligence of—Personal Injuries—Evidence—Instructions.*

1.  A release of, or receipt in full satisfaction from one joint wrongdoer discharges all; but release to, or the receipt of, money from one who is not, in fact, liable with another, will not discharge such other; and in order to discharge the other, the satisfaction received from one joint wrongdoer must be received in satisfaction of the whole injury or in full satisfaction.

2.  In an action brought to recover for a personal injury alleged to have occurred through the negligence of defendant, a railroad company, this court holds, in view of the giving of erroneous instructions, touching, among other things, the alleged receipt, by the plaintiff, of a certain sum, in full, for the injuries suffered by him from one or more roads named, that the judgment in its favor can not stand.

[Opinion filed November 2, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Messrs. GIBBONS & KAVANAUGH and WILLIAM HOYNES, for appellant.

Messrs. IRUS COY, MUNN & WHEELER and CAMPBELL & CUSTER, for appellee.

MORAN, J.    Appellant, who was a locomotive fireman in the employ of the Pennsylvania Company, was injured in going with his engine over a certain piece of railroad known in this case as the "old church track."

The accident which resulted in the injury was due to the rotten ties and general bad condition of the track.    This "old church track" connected with the system of tracks known as the stock yards track, and the main point of controversy in this case, was as to the question whether this track was at the

time of the accident operated by and under the control and management of the Stock Yards Company.

There was evidence tending to show that the track had been repaired different times by the servants of the company, whose duty and regular employment was the repairing and care of the said company's tracks, and that money for the use of such track had been collected by the agents of the company and receipted for in the name of the company.

The court gave to the jury at the request of the appellee, among others, the following instruction, numbered 5:

" The declaration in this case alleges that the track in question, upon which the accident happened, was used, operated and controlled by, and was in the possession of the defendant; and that the defendant was, for that reason, bound to keep the track in reasonably safe repair.  In order to prove such use, control, operation and possession, the plaintiff has offered evidence intended to show that certain of the employes and agents of the defendant had made repairs upon such track and collected money for the use thereof from the witness Lynch. In this connection the jury are instructed that it is incumbent on the plaintiff to show by a preponderance of the evidence that the persons alleged to have made the repairs and collected the money were the agents of the defendant company; and that they had authority from the defendant to make the repairs and collect the money, on its behalf, which it is claimed they did make and collect."

This instruction was necessarily misleading to the jury.  It is so couched that it would be understood by them as requiring some evidence of authority in addition to proof that those who made the repairs were, when they made them, agents and servants of the company, and that the work they did on this track was of the nature and kind that they were employed to do and were in the habit of doing for the company.

This track led from and was connected by a switch operated by the company, with tracks that were confessedly managed and controlled by the company.  Work done on such track under such circumstances by servants of the company, would warrant the inference that it was done by authority of the

company, and that is practically admitted by counsel for the company in the argument. They contend, however, that the instruction required nothing more than the finding of the authority which they insist must be found from whatever facts. But the instruction carries the implication that the authority must be proved independently of the facts supposed in it, and can not be inferred from the existence of those facts.

There was evidence to show that appellant, after he received the injury in question, was paid about $3,300 by the Pennsylvania Company, but there was no evidence that the money was paid to appellant in satisfaction of the injury.

The court gave to the jury the following instruction: "If the jury believe from the evidence in this case that the plaintiff received from the Pennsylvania Company, or from the Pittsburg, Fort Wayne & Chicago Railway Company, or from any person on behalf of either of said companies, the sum of thirty-three hundred dollars ($3300) or thereabouts, in full satisfaction of the injury complained of in this case, then the jury should find the defendant not guilty."

This instruction is fatally defective in leaving out the hypothesis that the Pennsylvania Company or the Fort Wayne Company was jointly liable with appellee for the injury; that the company paying was a joint *tort feasor*.

The rule is, that a release of, or receipt of full satisfaction from one joint wrongdoer, discharges all. Release to, or the receipt of money from one who is not in fact liable with another, will not discharge such other. Wilson et al. v. Reed, 3 John. 175; Turner v. Hitchcock, 20 Iowa, 310.

And in order to discharge the other the satisfaction received from one joint wrongdoer, must be received in satisfaction of the whole injury or in full satisfaction. Pogel v. Meilke, 60 Wis. 248.

For the error indicated the judgment must be reversed and the case remanded.

*Reversed and remanded.*