## Western Tube Co. v. John Zang.

1. RELEASE—*Of One Joint Wrong-doer.*—A release of one joint wrong-doer, discharges all. But a release to, or the receipt of money from one who is not in fact liable jointly with another, will not discharge such other.

Action in Case, for injuries caused by chemicals. Trial in the Circuit Court of Henry County; the Hon. WILLIAM H. GEST, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1899. Affirmed. Opinion filed October 12, 1899.

CHAS. K. LADD, attorney for appellant.

WILSON & MOORE, attorneys for appellee.

MR. PRESIDING JUSTICE CRABTREE delivered the opinion of the court.

This was an action on the case by appellee against appellant, a manufacturing corporation, to recover damages for injuries done to the plaintiff's pasture, grass, animals, and ice pond, caused by mingling oils, acids, copperas and chemicals, from the defendant's manufacturing plant, with water flowing across, over and upon the plaintiff's premises.

The declaration sufficiently stated a cause of action for these alleged injuries, and the defendant pleaded the general issue. Upon a trial by jury the plaintiff obtained a verdict for $100, upon which judgment was entered, after a motion for new trial was overruled, and the defendant prosecutes this appeal.

Appellee was a butcher and carried on a meat market as well as an ice business. He was the owner of the premises described in the declaration, through which flowed a clear stream of water prior to the injuries complained of, and he had constructed upon the premises a dam for the purpose of creating a pond, whereon he was accustomed to cut ice for his own use, as well as for sale. In the conduct of its manufacturing business, appellant was in the habit of using daily, large quantities of sulphuric acid for the purpose of cleaning the pipe manufactured by it, the acid being mixed with water in large pickling tanks, and, after the cleansing process was completed, the mixture of acid and water was flowed off into a pool or pond, constructed by appellant for its reception, which pool or pond was located some 600 or 700 feet from the pickling tanks. A more detailed description of the premises, or operations, is unnecessary to a fair understanding of the points in controversy. The contention of appellee is that this mixture of acid and water overflowed from the pool or pond of appellant over and upon his premises and caused the injuries complained of.

It appears from the evidence that not far from the manufacturing plant of appellant, the works of the Kewanee Gas Light & Coke Company are situated. Appellant contends, and offered to show, that the flow of tar, oil, ammonia and gas refuse from the gas works had flowed therefrom to the lands of appellee, and thereby caused a part of the injury complained of, and that the gas company had paid appellee the sum of $500, in full satisfaction of all damages sustained by him on account of the flow of the refuse from the gas works; but the court refused to allow such proof of payment to go to the jury.

We will not discuss the evidence in detail, but it has convinced us that the appellee clearly proved the allegations of the declaration, and that the verdict was warranted by the evidence.

There is no doubt the rule is, that a release of, or receipt of full satisfaction from one joint wrongdoer, discharges all. But a release to, or the receipt of money from one who is not in fact liable jointly with another, will not discharge such other. (Wagner v. U. S. Y. & T. Co., 41 Ill. App. 408, and cases cited.)

In the case at bar, we are satisfied from the evidence that appellant and the gas company committed separate and distinct offenses against appellee, and were in no way connected with each other or acting together, in any common purpose or intent; nor did the act of either tend to produce the injury done by the acts of the other. We hold that appellee had the right to receive from the gas company compensation for the injury it had done him, and such payment to him did not discharge appellant.

The court committed no error in refusing to permit proof of payment by the gas company and its discharge by appellee.

We think there was no reversible error in the instructions and the judgment must be affirmed.