Eleanor Ray, Frances Ray, Elizabeth P. Wright and Elizabeth G. Carlson, Appellants, v. Samuel M. Starr, Gloria Starr, Harold Aling and Kimbark Manor Building Corporation, a Dissolved Illinois Corporation, Appellees.

Gen. No. 46,042.

Opinion filed September 29, 1953. Released for publication November 12, 1953.

STIEFEL, GREENBERG & BURNS, and PRINCE & SCHOENBERG, all of Chicago, for appellants; ARNOLD M. FLAMM, and CHARLES PRESSMAN, both of Chicago, of counsel.

JACOB STAGMAN, of Chicago, for appellees; ERWIN H. GREENBERG, of Chicago, of counsel.

MR. JUSTICE TUOHY delivered the opinion of the court.

Plaintiffs sued as creditors of the Kimbark Manor Building Corporation on behalf of themselves and all other creditors of the dissolved corporation, naming as defendants, in addition to the corporation, Samuel M. Starr, Gloria Starr and Harold Aling, who were directors and officers of the corporation at the time of its dissolution. From an order of the circuit court of Cook county dismissing the complaint as to all the defendants and denying leave to plaintiffs to amend their complaint, this appeal is taken.

It appears that prior to the institution of the present suit plaintiffs had filed two suits in the municipal court of Chicago based upon rent overcharges under the Federal Housing and Rent Act of 1947 made by the corporation with respect to the various plaintiffs. Two of the plaintiffs in the instant case were parties plaintiff in one of the municipal court suits and the other plaintiffs in the instant case were parties plaintiff in the second municipal court suit. Judgments were entered in the municipal court against the corporation, but the individual defendants were dismissed. No appeal was taken from the order of dismissal. The corporation was dissolved pursuant to statute prior to the institution of the two municipal court suits but subsequent to the time when the causes of action accrued. All the assets of the corporation having been distributed to its shareholders who are alleged to be Samuel Starr or Samuel and Gloria Starr, his wife, at the time of its liquidation, executions upon the judgments were returned "no property found" by the bailiff of the municipal court prior to the institution of the present suit.

The complaint, consisting of four counts, may be briefly summarized as follows:

The first count alleges liability under the provisions of section 42 (c) of the Illinois Business Corporation Act (Ill. Rev. Stat. 1951, chap. 32, par. 157.42 (c) [Jones Ill. Stats. Ann. 32.042, subd. (c)]) which creates personal liability on the part of directors of a corporation who vote for or assent to the declaration of any dividend or other distribution of assets of a corporation to its shareholders without making adequate provision for the payment or discharge of debts, obligations and liabilities of the corporation.

Count II, in the nature of a creditor's bill, charges that the defendant Samuel Starr had notice that the building corporation had over a long period of time collected and received from plaintiffs rental in excess of that legally permitted and that Starr received and accepted title to the property at a time when he knew that the building corporation was obligated to repay to the plaintiffs an amount of money equal to three times the amount of such overcharges, plus reasonable attorney's fees and costs of suit; that Starr at the time of the conveyance of the real estate to defendants Samuel Starr and Gloria Starr knew that such conveyance was pursuant to a plan for the dissolution of the building corporation and that by virtue of such conveyance the building corporation would be financially unable to meet its obligations to the plaintiffs; that subsequent to the conveyance to the defendants Samuel Starr and Gloria Starr, they conveyed the building to the Liberty National Bank of Chicago, as trustee, for a consideration of approximately $49,000, the amount of which consideration inured to the benefit of Samuel Starr and Gloria Starr and that no part was returned to the building corporation or used to satisfy debts.

Count III alleges that about the time of the dissolution of the building corporation defendant Samuel Starr entered into an agreement in writing with the

347

corporation under the terms of which defendant Samuel Starr promised to assume all existing debts of said corporation, all of which was for the benefit of the creditors of the corporation, including plaintiffs.

Count IV charges a violation of section 42 (f) of the Illinois Business Corporation Act, which reads as follows (par. 157.42 (f) [Ill. Rev. Stats. 1951, ch. 32; Jones Ill. Stats. Ann. 32.042, subd. (f)]):

"The directors of a corporation which fails to mail to a known creditor of such corporation, as provided in this Act, a notice of the filing by the Secretary of State of a statement of intent of such corporation to dissolve, shall be jointly and severally liable to such creditor for all loss and damage occasioned thereby."

The plaintiffs, in a general charge, alleged that all the individual defendants are jointly and severally indebted to the corporation in an amount equal to the total value of the debts, obligations and liabilities of the building corporation, and prayed that the individual defendants be directed to pay to the plaintiffs the amount of certain judgments secured by plaintiffs against the building corporation in the municipal court of Chicago on March 11, 1952, plus interest and costs, and also asked for reasonable attorney's fees.

Defendants' motion to strike sets forth a number of general allegations of insufficiency and the following specific charges: First, (a) that plaintiffs have an adequate remedy at law, and (b) that the complaint is multifarious; second, that the matters and things charged in the complaint have already been litigated in the municipal court of Chicago and that order is *res judicata* of the rights of the parties in the present suit; and third, with respect to count III, based upon a written agreement, that no such agreement was attached to the pleading.

■■ We are of the opinion from a reading of the complaint that sufficient equitable relief is prayed to properly bring the cause within the equitable powers of the court. The joining of legal and equitable actions under the Civil Practice Act has been approved by the court in a number of cases. *Glennon v. Glennon,* 299 Ill. App. 13, 26; *Westerfield v. Redmer,* 310 Ill. App. 246.

■■ The motion to dismiss does not state in what particulars the complaint is multifarious, and in that respect we are of the opinion that there is a failure to comply with section 45 of the Civil Practice Act [Ill. Rev. Stats. 1951, ch. 110, § 169; Jones Ill. Stats. Ann. 104.045]. *People v. Shetler,* 318 Ill. App. 279. Moreover, each of the four counts of the complaint states an alternative theory of liability against some or all of the individual defendants, proper procedure under the Civil Practice Act. *Cook-Master Inc. v. Nicro Steel Products Inc.,* 339 Ill. App. 519, 532.

■ With reference to the *res judicata* issue, no affidavit in accordance with section 48 of the Civil Practice Act [Ill. Rev. Stats. 1951, ch. 110, § 172; Jones Ill. Stats. Ann. 104.048] was filed, so that we are unable to determine upon what grounds the municipal court of Chicago dismissed the defendants here from the suits there. The record of the municipal court, which was introduced in evidence, indicates that two suits were filed against the present defendants. Judgments against the corporation were entered, and the suits dismissed as to the individual defendants. A motion based upon the plea of *res judicata* can be sustained only if the precise issue involved in the present suit was determined in a prior proceeding. The party who asserts the plea of *res judicata* carries the burden of establishing that the issue in question was determined

in the prior proceeding. *Gillies v. Little Vermilion Special Drainage Dist.,* 401 Ill. 344, 349; *City of Geneseo v. Illinois Northern Utilities Co.,* 378 Ill. 506, 512; *Williams v. Williams,* 265 Ill. 64, 74; *Charles E. Harding Co. v. Harding,* 352 Ill. 417, 427. It cannot with reasonable certainty be determined from the record that the precise questions here involved were disposed of in the municipal court. In view of this uncertainty the trial judge should not have dismissed the complaint on this ground.

▉ Paragraph three of count III of the complaint alleges that under the terms of a written agreement between defendant Samuel M. Starr and defendant corporation plaintiffs were third-party beneficiaries. No copy of the agreement was attached to the pleading nor was any affidavit embodied pursuant to section 36 of the Civil Practice Act (Ill. Rev. Stat. chap. 110, par. 160 [1951 Jones Ill. Stats. Ann. 104.036]). At the time the complaint was dismissed, leave to amend this count was denied. On oral argument before this court counsel for plaintiffs stated that the agreement was not available to plaintiffs and that they became acquainted with its existence by virtue of testimony to that effect in the municipal court case. Inasmuch as this cause must be remanded, leave should hereinafter be given to amend this count by supplying the agreement in the pleading or accounting by affidavit for its absence.

For the reasons herein indicated, the judgment of the circuit court of Cook county is reversed and the cause remanded with directions to proceed in a manner consistent with the views herein expressed.

*Reversed and remanded with directions.*

SCHWARTZ, P. J. and ROBSON, J., concur.