Artie Tidwell, Plaintiff-Appellant, v. R. Glenn Smith, Edward V. Platt, and The Sisters of The Third Order of St. Francis, a Corporation, Defendants-Appellees.

**Gen. No. 11,393.**

Second District, Second Division.

September 2, 1960.

John R. Snively, of Rockford, for appellant.

Foltz, Haye, and Keegan, and Williams, McCarthy, and Kinley, all of Rockford, for appellees.

CROW, P. J.
The plaintiff-appellant, Artie V. Tidwell, brought suit in one count against the defendants-appellees, R.

Glenn Smith, Edward V. Platt, and The Sisters of the Third Order of St. Francis, a corporation, alleging that they forcibly, on May 31, 1957, in St. Anthony's Hospital, Rockford, made an assault upon him and performed an operation without his consent. The action is one at law, and the plaintiff demanded a jury trial in apt time. So far as material, the complaint alleges the defendant Smith was engaged in the practice of medicine and surgery, the defendant Platt was engaged in the practice of anesthesiology, and the defendant The Sisters of the Third Order of St. Francis, a corporation, owned and operated St. Anthony's Hospital, Rockford; "the defendants, on May 31, 1957, in the St. Anthony Hospital, forcibly and unlawfully, made an assault upon the plaintiff, and then and there performed an operation upon him without his consent"; and "by the reason of the premises, and as a direct and proximate result thereof, the plaintiff sustained severe injuries, that an incision six inches in length was made in his abdomen, that he became sick, sore and disabled . . ." etc.

The defendants filed separate motions to dismiss the complaint and cause of action, which motions were supported by affidavits, under Section 48 of the Civil Practice Act, Ch. 110, Ill. Rev. Stats., 1959, par. 48, and set up that the claim set forth in the plaintiff's complaint had been released, that a release given by the plaintiff to William B. Fonvielle, M.D., not a defendant here, dated July 23, 1958, a copy of which alleged release was attached, released any cause of action that the plaintiff might have against the defendants here, under the theory that the release of one joint tort feasor releases all, that the defendants and Dr. Fonvielle were, under the circumstances alleged, joint tort feasors, if anything, that Dr. Fonvielle was present at the time of the alleged operation of May 31, 1957 and participated therein as an assisting surgeon,

and Dr. Fonvielle had paid the plaintiff $4000 in consideration of the alleged release. An additional grounds stated in the motion of the defendant The Sisters of the Third Order of St. Francis, a corporation, will be later indicated.

The plaintiff filed separate motions and affidavits in opposition to the motions to dismiss, to the effect the claim set forth in the complaint had not been released.

The defendants' motions to dismiss were granted and a final judgment was entered October 30, 1959 for the defendants, from which the plaintiff appeals.

Prior to a consideration of those motions, a discovery deposition of the plaintiff had been taken by the defendant Edward V. Platt. The plaintiff answered certain questions propounded to him, but refused to answer questions relating to the alleged release given by the plaintiff to Dr. Fonvielle, claiming the release was "privileged" and did not relate to the merits of the matter in litigation. The plaintiff's refusal to answer was brought before the Court upon a motion by that defendant to compel answers, and the Court by an earlier order of July 9, 1959 had compelled him to answer questions concerning the alleged release. The record indicates no further orders concerning that matter, apparently the deposition was renewed and the plaintiff answered the questions, and the plaintiff made no effort to appeal from that order of July 9, 1959.

The plaintiff-appellant's theory is that the Court erred in entering an order compelling him to answer the questions propounded on the discovery deposition, and in granting the defendants' motions to dismiss. The plaintiff argues that the court erred in not finding that a material and genuine disputed question of fact was raised concerning the commission of separate alleged torts, one being a tort committed by Dr. Wil-

liam B. Fonvielle, and the other a tort or torts by the defendants, rather than there being a joint tort by Dr. Fonvielle and the defendants as joint tort feasors.

The copy of the alleged release attached to the defendants' motions is a general release dated July 23, 1958 by the plaintiff of Dr. Fonvielle from all manner of actions, etc. for anything from the beginning of the world to that date for an expressed consideration of $1.00 and other good and valuable considerations.

The defendant Dr. R. Glenn Smith in his affidavit asserted that he performed a surgical operation on the plaintiff on May 31, 1957 for the repair of a puncture of the colon; he had never previously treated the plaintiff; the plaintiff was a patient of Dr. Fonvielle and this surgical procedure engaged in by him on the plaintiff was done as a part of the treatment given and afforded the plaintiff by Dr. William B. Fonvielle; and Dr. Fonvielle assisted the affiant and was present at all times during the surgical procedure of the affiant referred to in the complaint.

The defendant Dr. Edward V. Platt in his affidavit asserted that the plaintiff was a patient of Dr. William B. Fonvielle on May 31, 1957 in St. Anthony Hospital; he, Dr. Edward V. Platt, administered anesthesia in connection with the surgical procedure by Dr. Smith, the principal surgeon, upon the plaintiff for the repair of a perforation of the colon; and Dr. Fonvielle was present in the operating room all the time and assisted in the surgical procedure.

The affidavit of Frederick H. Haye, one of the defendants' attorneys, was to the effect that he had examined the plaintiff on the discovery deposition and the plaintiff had therein testified that he was on May 31, 1957 a patient at St. Anthony's Hospital; he was treated by Dr. Fonvielle; on that date Dr. Fonvielle inserted an instrument into his colon, after which he suffered pain, and after which the defendant Smith

was called to examine him; he was taken to an operating room; "shots" were given him; Dr. Fonvielle was in the operating room all the time the plaintiff was conscious; the plaintiff signed the release attached to the defendants' motion; Dr. Fonvielle paid the plaintiff's attorney $4000 as consideration for the release; and the only claim he ever had against Dr. Fonvielle was on account of the actions of May 31, 1957.

In addition, to the motion of the defendant The Sisters of the Third Order of St. Francis, a corporation, are attached also copies of portions of the alleged hospital records pertaining to the plaintiff, which, among other things, indicate the plaintiff was admitted 5/26/57, for medical service, was discharged 6/7/57; refer at one place to Dr. Fonvielle as the "attending doctor" and Dr. Smith as the "interne"; indicate various diagnoses at different times as "rectal hemorrhage", "peptic ulcer", "hemorrhoids", "acute appendicitis", "acute perforation of the colon"; indicate a "consultation with Dr. R. G. Smith"; show operations for "repair of perforated colon" and "appendectomy"; refer at another place to Dr. Fonvielle and Dr. Smith as "surgeon" and a Dr. Alerta as "assistant" and "instrument nurse"; describe an operation to repair a "perforation of the sigmoid colon (bowel)" and apparently an appendectomy; recite "The appendix has a thickened wall and appears to have been congested in the past"; and one of the records is evidently signed by Dr. Fonvielle and another by Dr. Smith.

A counteraffidavit of the plaintiff asserted that Dr. R. Glenn Smith was the only surgeon engaged in the surgical procedure; that Dr. Smith removed his appendix; although Dr. Fonvielle was present during that surgical procedure alleged in the complaint he did not assist or participate in any way; Dr. Fonvielle had examined him but not prescribed or given him

68

any treatments; that the surgery by Dr. Smith was not part of any treatment given or afforded the plaintiff by Dr. Fonvielle, that Dr. Smith, not Dr. Fonvielle, attended and treated him after the operation, that Dr. Smith later told him he had removed the appendix but did not say he had repaired a puncture of the colon; he had never made any complaint as to his appendix or had any pain therefrom; and he'd employed counsel on a claim he had against Dr. Fonvielle for malpractice, a settlement was made, the consideration paid, and a release executed but not delivered. A counteraffidavit of the plaintiff's wife said that shortly after the operation Dr. Fonvielle came to the plaintiff's room, dressed in his street clothes.

■ ■ The separate motion to dismiss of the defendant The Sisters of the Third Order of St. Francis, is based upon the same grounds as to the alleged release as made by the other defendants Dr. R. Glenn Smith and Dr. Edward V. Platt, and, in addition, asserts that the complaint does not state a cause of action against it, that The Sisters of the Third Order of St. Francis is a charitable corporation, and is not liable for any alleged torts of its agents, employees or medical staff members. This latter allegation by itself is insufficient as a cause for dismissal of the complaint; the trust funds, if any, of charitable corporations are immune from liability for the torts of its employees or agents, but beyond that the rule of respondeat superior is in effect: Moore v. Moyle (1950) 405 Ill. 555, 92 N.E.2d 81.

Section 48 of the Civil Practice Act provides, so far as material, Ch. 110, Ill. Rev. Stats., 1959, par. 48, that:

"(1) Defendant may, within the time for pleading, file a motion for dismissal of the action or for other appropriate relief upon any of the following grounds. If the grounds do not appear on

the face of the pleading attacked the motion shall be supported by affidavit:

". . .

"(f) That the claim or demand set forth in the plaintiff's pleading has been released, . . .

". . .

"(3) If, upon the hearing of the motion, the opposite party presents affidavits or other proof denying the facts alleged or establishing facts obviating the grounds of defect, the court may hear and determine the same and may grant or deny the motion. If a material and genuine disputed question of fact is raised the court may decide the motion upon the affidavits and evidence offered by the parties, or may deny the motion without prejudice to the right to raise the subject matter of the motion by answer and shall so deny it if the action is one at law and a jury demand has been filed by the opposite party in apt time.

". . . ."

The issue is: is a "material and genuine disputed question of fact" raised as to whether "the claim or demand set forth in the plaintiff's pleading has been released"?

Section 43 of the Civil Practice Act, Ch. 110, Ill. Rev. Stats., 1959, par. 43, provides in part:

". . . The facts constituting any affirmative defense, such as . . . release, satisfaction, discharge, . . . must be plainly set forth in the answer . . ."

As the court said in John v. Tribune Co. (1958) 19 Ill.App.2d 547, at 553, 154 N.E.2d 862, where the Court reversed and remanded an order sustaining a defendant's motion to dismiss under Section 48 relating to

another subparagraph thereof (1)(i), concerning other affirmative matter:

> ". . . The main purpose of that section (aside from (1)(i) is to provide for a disposition of a case upon such defenses as jurisdiction of the court, legal capacity to sue and be sued, prior judgment, and other defenses which may be decided by resort to a record or matter so conclusive that a plaintiff could not deny it. . . ."

And in Ray v. Starr (1953) 351 Ill. App. 344, 115 N.E.2d 112, the Court reversed and remanded an order sustaining the defendants' motion to dismiss evidently based in part upon Section 48 relating to another subparagraph thereof (1)(d), concerning res judicata, and said, pp. 349–350:

> ". . . A motion based upon the plea of res judicata can be sustained only if the precise issue involved in the present suit was determined in a prior proceeding. The party who asserts the plea of res judicata carries the burden of establishing that the issue in question was determined in the prior proceeding. . . . It cannot with reasonable certainty be determined from the record that the precise questions here involved were disposed of in the municipal court. In view of this uncertainty the trial judge should not have dismissed the complaint on this ground. . . ."

The HISTORICAL and PRACTICE NOTES in the Annotated Statutes in connection with Section 48 indicate that:

> "The purpose is primarily that of affording a means of obtaining at the outset of a case a summary disposition of issues of law or of easily proved issues of fact, with a reservation of jury trial as to disputed questions of fact. . . ."

The defendants have referred us to no cases sustaining the allowance of a defendant's motion to dismiss under Section 48 except Bentley v. Teton (1958) 19 Ill.App.2d 284, 153 N.E.2d 495, which did not involve an alleged release, and there is nothing in the opinion there which seems particularly helpful one way or the other here.

■ There can, of course, be but one satisfaction or recompense, not a double recovery, for a single, indivisible injury, and if the injured party makes a settlement with one tort feasor and releases him that is also a release of the other tort feasors, if any, whose tortious acts concurred in the same single, indivisible injury, whether all of the tort feasors engaged or did not engage in concerted action, when their acts produced the same single, indivisible injury, be they strictly joint tort feasors or independent concurring tort feasors—one satisfaction or release is a bar to further claims for the same tort: Wagner v. Chicago & A. R. Co. (1914) 265 Ill. 245, 106 N. E. 809; McClure v. Lence (1953) 349 Ill. App. 341, 110 N.E.2d 695; Manthei v. Heimerdinger (1947) 332 Ill. App. 335, 75 N.E.2d 132.

■ But a release to, or the receipt of money from, a tort feasor who is not in fact liable with another will not discharge such other, where the respective tort feasors have committed separate and distinct offenses against or inflicted separate and distinct injuries upon the plaintiff: Wagner v. Union Stock Yards & Transit Co. (1891) 41 Ill. App. 408; Western Tube Co. v. Zang (1899) 85 Ill. App. 63; Cf. Manthei v. Heimerdinger, supra.

■ It is also true that where one is injured by the negligence of another, and the injured party exercises ordinary care in employing a doctor, and the doctor, by malpractice in treating that same injury, aggravates the original injury, the original tort feasor is

72

liable for that aggravation and, under those circumstances, a release by the injured party of the original tort feasor is also a release of the doctor—the injured party will not be permitted to recover again as against the doctor for the same injury or the aggravation of that same injury by malpractice: Guth v. Vaughan (1923) 231 Ill. App. 143; Janusz v. Eastman (1937) 289 Ill. App. 618 (abst.).

See, also, generally: 31 Ill. L. and P., pp. 349–351.

■ The claim or demand here set forth in the plaintiff's complaint is against the defendants Dr. Smith, Dr. Platt, and The Sisters of the Third Order of St. Francis, a corporation, for an alleged assault on the plaintiff May 31, 1957, and performing an operation on him without his consent. The matter of an alleged release thereof is an affirmative defense, and ordinarily the facts constituting such must be plainly set forth in the defendants' answer, though such a grounds may be asserted in a proper case by motion for dismissal, supported by affidavit, under Section 48, but the burden is on the defendants. The alleged release asserted is, literally, a general release of one Dr. William B. Fonvielle, who is not a defendant here, and, literally, it does not mention the defendants here. It may, nevertheless, under certain facts, circumstances, and conditions, also release the defendants here and the claim or demand set forth in the plaintiff's present complaint. Whether it does or does not so release these defendants and this claim or demand depends on several facts, circumstances, and conditions, some of which are gone into in the present motions and affidavits of the defendants and plaintiff. We have come to the conclusion that there is a material and genuine disputed question of fact raised as to whether the alleged injury to the plaintiff by Dr. William B. Fonvielle's alleged perforation of the plaintiff's colon was a separate and distinct injury from the alleged injury

(or some part thereof) to the plaintiff by the defendants here in allegedly repairing the punctured colon and removing the appendix, or whether there was but a single, indivisible injury by Dr. Fonvielle and the defendants here, the tortious acts of all concurring in the same single, indivisible injury—and if the principles of Guth v. Vaughan, supra, and Janusz v. Eastman, supra, are applicable there is also a material and genuine disputed question of fact raised as to whether the defendants here by alleged malpractice in treating the same injury as Dr. Fonvielle originally allegedly inflicted aggravated that original injury, or allegedly inflicted a separate or distinct or different injury (in whole or in part) rather than, or in addition to, negligently treating the same injury and aggravating the original injury allegedly inflicted by Dr. Fonvielle. Under Section 48, the action being at law and a jury demand having been filed by the plaintiff in apt time, the Court is required to deny the motions where such a material and genuine disputed question of fact is raised.

Under the circumstances, in view of our determination, the objections by the plaintiff in his motion in opposition, etc., to the form of the affidavits in support of the defendants' motions to dismiss, for which the plaintiff cites no cases, need not be considered.

■ The objections made by the plaintiff relative to the order of July 9, 1959 compelling an answer to certain questions on the discovery deposition are not properly before us as that order, in itself, was not a final, appealable order, the deposition was evidently renewed and the plaintiff complied with the order, this appeal is only from the final judgment for the defendants of October 30, 1959, and the plaintiff made no effort to appeal from the prior order of July 9, 1959: See: Ch. 110, Ill. Rev. Stats., 1959, par. 77, and par.

74

101.19–12 (Supreme Court Rule 19–12). Illustrative of somewhat generally similar matters but where final, appealable judgments had been entered are: Krupp v. Chicago Transit Authority (1956) 8 Ill.2d 37, 132 N.E.2d 532; Coutrakon v. Distenfield (1959) 21 Ill.App.2d 146, 157 N.E.2d 555; and Sager Glove Corp. v. Continental Cas. Co. (1958) 19 Ill.App.2d 568, 154 N.E.2d 833.

The Court erred in allowing the defendants' motions to dismiss and entering judgment for the defendants, and, accordingly, the judgment is reversed and the cause remanded for further proceedings not inconsistent herewith.

Reversed and remanded.

WRIGHT, J., concurs.

SPIVEY, J., concurs.