REGINA SMITH, Plaintiff-Appellant, *v.* LEHN & FINK PRODUCTS CORPORATION *et al.*, Defendants.—(W. W. KOEHLER PAPER COMPANY, Defendant-Appellee.)

First District (5th Division)   No. 62077

Opinion filed March 11, 1977.

Philip E. Howard, Ltd., of Chicago (William J. Harte, Ltd., of counsel), for appellant.

Baker & McKenzie, of Chicago (Francis D. Morrissey, Thomas R. Nelson, and Daniel J. Cheely, of counsel), for appellee Lehn & Fink Products Corporation.

David J. Ratner, of Chicago, and Brunswick, Jemilo & Richardson, of Blue Island (Joseph V. Roddy and Patrick T. Driscoll, Jr., of counsel), for appellee W. W. Koehler Paper Company.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiff appeals from an order estopping her from enforcing a default judgment previously entered in her favor. The order was granted pursuant to defendant Koehler's section 72 petition. (Ill. Rev. Stat. 1973, ch. 110, par. 72.) She contends that the trial court abused its discretion in granting the petition.

On February 7, 1969, plaintiff filed a complaint seeking damages of $125,000 for personal injuries she sustained from using an allegedly dangerous product manufactured and distributed by Lehn & Fink Products Corporation and National Laboratories and sold by W. W. Koehler Paper Company. Although all three defendants were served with summons, only Lehn & Fink and National appeared. Koehler neither appeared nor otherwise pleaded, even after being served with summons a second time in April, 1971. After Lehn & Fink and National appeared, they engaged in extensive discovery culminating in a settlement reached at a pretrial conference on September 19, 1973. Pursuant to this settlement, the court entered an order dismissing Lehn & Fink and National, finding Koehler in default, and assessing damages at $100,000 against Koehler.[1]

---

[1] The order entered on September 19, 1973, states:

"THIS CAUSE having been assigned to the undersigned for all purposes and called for trial, and after pretrial conferences, it being represented to the Court by counsel for the plaintiff and counsel for the defendant LEHN & FINK PRODUCTS CORP., a corp., that

Plaintiff did not attempt to execute on this judgment until April 1974, when she initiated garnishment proceedings against Koehler. On July 9, 1974, Koehler filed a section 72 petition seeking to vacate the default. In its petition Koehler alleged a meritorious defense to the original action as well as due diligence in protecting its interests. Specifically, Koehler claimed that it had delivered both summonses to a regional sales manager of National, who assured Koehler the matter would be taken care of. Additionally, Koehler claimed that it had never been notified that Lehn & Fink had withdrawn its jury demand; that it had never been notified of the hearing on default and damages; and that its first notice of the entry of default had been a citation to discover assets received on June 11, 1974.

On July 25, 1974, Lehn & Fink and National filed a section 72 petition requesting that the order entered dismissing them from this lawsuit be vacated. The affidavit of their attorney, Thomas Nelson, accompanied the petition. He alleged in his affidavit that plaintiff agreed to settle this matter for $29,000 in exchange for a release; that he forwarded a release to Philip Doran, counsel for plaintiff, on September 24, 1973; that he asked Doran on several occasions for the signed release; and that Doran replied that plaintiff was in Arizona. Nelson further stated that on January 15, 1974, he received a letter from counsel for plaintiff asserting that the settlement was based on a covenant not to sue; that he called and reminded Doran the case had been settled on the basis of a release; that Doran stated his client had not signed the release, because to do so would eliminate her prospect of obtaining any contribution from Koehler; and that Doran then requested additional time so he might obtain a contribution from Koehler.

this cause has been settled by agreement, and a motion having been made by the attorneys for the plaintiff for an order of default against the defendant W. W. KOEHLER PAPER CO., a corp., service having been obtained on said defendant on February 13, 1969, and on April 2, 1971, and thirty (30) days having passed with said defendant not having appeared or otherwise pleaded:

IT IS HEREBY ORDERED that the defendant W. W. KOEHLER PAPER CO., a corp., be and is hereby declared in default and said complaint of the plaintiff is confessed against it, and that the sole question left to be determined in this cause is the question of damages.

IT IS FURTHER ORDERED that the defendants NATIONAL LABORATORIES, a corp., and LEHN & FINK PRODUCTS CORP., a corp., be and is hereby dismissed from this cause, and that said cause shall proceed to trial only as against the defendant W. W. KOEHLER PAPER CO., a corp.;

The defendant LEHN & FINK PRODUCTS CORP. having withdrawn its jury demand, and this cause being submitted to the Court for trial on the issue of damages only, the Court having heard evidence on all relevant issues, finds the issues for the plaintiff REGINA SMITH and against the defendant W. W. KOEHLER PAPER COMPANY, a corporation, and assesses the damages in the sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00).

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that a judgment be and it is hereby entered against the defendant W. W. KOEHLER PAPER COMPANY, a corporation, and in favor of the plaintiff in the sum of ONE HUNDRED THOUSAND DOLLARS($100,000.00)."

Koehler later amended their petition, incorporating this petition and affidavit into their own.

Plaintiff, answered the petitions alleging that she had agreed to give defendants a covenant not to sue; that the parties had not discussed the nature of the documents to be exchanged until September 24, 1973; and that, at most, there had been a mutual mistake. No counteraffidavits were submitted.

On November 27, 1974, the court, after reviewing its notes from September 19, 1973, found that the dismissal of the plaintiff's cause of action against them was "a full and complete settlement of the matter in controversy and that the settlement was not on the basis of a covenant not to sue."

Pursuant to this finding and on motion by Lehn & Fink and National, the court on January 3, 1975, ordered Lehn & Fink and National to deposit $29,000 with the clerk of the court as payment to plaintiff in complete satisfaction of all matters in controversy.

On March 18, 1975, Koehler filed a second amended section 72 petition containing two alternative pleas for relief. Count I, which was identical to Koehler's original petition, requested that the default judgment be vacated. Count II sought to estop execution on the judgment by having it satisfied of record. Koehler claimed that the settlement and subsequent orders of November 27, 1974, and January 3, 1975, discharged it from liability. Plaintiff replied to this amended petition by reaffirming her previous arguments and asserting that the order entered on September 19, 1973, was never intended as a full and complete discharge of all defendants, but only as a settlement of the dispute between plaintiff and Lehn & Fink and National.

On March 31, 1975, a hearing was held on the petition of Koehler. The court noted that it remembered "the day [September 19, 1973] very well * * *"; and it had raised at that time the problem of estoppel on the basis of a release; however, counsel for plaintiff had responded that he was only trying to get a "little sweetener" from Koehler.

On April 1, 1975, the court entered an order finding that "the settlement agreement heretofore concluded on September 19, 1973 was a full and complete settlement of all matters between all the parties of the lawsuit." Further, plaintiff was estopped from enforcing her judgment against Koehler on the basis that a full and complete accord and satisfaction was effected between plaintiff and defendants, including Koehler, by the order of September 19, 1973. Plaintiff appeals from this order.

OPINION

Plaintiff contends that the trial court abused its discretion in granting Koehler's section 72 petition. She first argues that Koehler failed to show it was duly diligent in defending the original action.

■■ ■ A motion brought pursuant to section 72 is addressed to the equitable powers of the court. (*Elfman v. Evanston Bus Co.* (1963), 27 Ill. 2d 609, 190 N.E.2d 348.) Whether a petition should be granted lies within the discretion of the court and its decision will not be disturbed on review unless the court abused its discretion. (*Nagel v. Wagner* (1964), 46 Ill. App. 2d 2, 196 N.E.2d 728.) In weighing a section 72 petition "courts are not strictly bound by precedent in affording post judgment relief. Whether or not the litigants are entitled to relief under section 72 depends on all the circumstances attendant on the entry of the default judgment. Many different factual situations would justify or necessitate the vacation of a decree or a portion thereof. [Citation.]" *Riley v. Unknown Owners* (1972), 6 Ill. App. 3d 864, 866, 286 N.E.2d 806, 807.

■■ ■ To obtain relief under section 72 it is necessary that the petitioner show not only the existence of a meritorious defense, but also that he was diligent in asserting that defense. (*Esczuk v. Chicago Transit Authority* (1968), 39 Ill. 2d 464, 236 N.E.2d 719.) In the overwhelming majority of section 72 proceedings, petitioner seeks to vacate the judgment in order that he might assert a defense to the original action. (*E.g., Elfman v. Evanston Bus Co.* (1963), 27 Ill. 2d 609, 190 N.E.2d 348.) Thus, the rule has evolved that petitioner must show that he acted reasonably and not negligently when he failed to initially resist the judgment. (*Riley v. Unknown Owners* (1972), 6 Ill. App. 3d 864, 286 N.E.2d 806.) Although we do not disagree with the application of this rule to those petitions which seek to raise a defense available during the pendency of the underlying action, we nonetheless think it is inapplicable, where as here, the petition is brought to avoid execution on a judgment by pleading satisfaction or discharge.

■■ ■ In the instant case, Koehler's second amended petition contained two distinct prayers for relief. Count I sought to vacate the judgment so that Koehler might defend the case on its merits. Plaintiff correctly asserts that Koehler's reliance upon National to defend this action was insufficient to establish due diligence in presenting these defenses. (See *Maley v. Norville* (1968), 95 Ill. App. 2d 362, 238 N.E.2d 119; *Till v. Kara* (1959), 22 Ill. App. 2d 502, 161 N.E.2d 363.) The motion to vacate was, therefore, properly denied. Count II, however, sought to estop execution of the judgment on the basis of a release. Because Count II did not seek to vacate the judgment in order that Koehler could assert defenses to the original action, it should not be judged by Koehler's lack of diligence in presenting these defenses. Rather, if the requirement of due diligence applies at all to petitions pleading satisfaction or discharge, it quite logically can do so only from the time this defense arose. To hold otherwise would mean that a party once having negligently allowed a default judgment to be entered against it would have no remedy to protect itself from execution on the judgment, even after it had been

satisfied. Any attempt to estop the judgment creditor from collecting a second time by asserting the defense of satisfaction pursuant to a section 72 petition, would fail because of petitioner's lack of due diligence in defending the original action.

■■ Here, Koehler was sufficiently diligent in asserting the defense of satisfaction. If, indeed, a release was agreed upon prior to the entry of judgment, Koehler's duty to defend ended at that point, because the release of one joint tort feasor operates as a release to all. (*Tidwell v. Smith* (1960), 27 Ill. App. 2d 63, 169 N.E.2d 157.) Thus, although Koehler did not bring this petition until some 10 months after this defense arose, it was not negligent in so doing. It was only after Koehler discovered that plaintiff was attempting to collect a judgment, which Koehler contends had been previously satisfied, that it became necessary to assert this defense.

Plaintiff next argues in support of her contention, that the court erred in determining that plaintiff's settlement with Lehn & Fink and National was a complete accord and satisfaction. The court reached this determination after reviewing the dismissal of Lehn & Fink and National and deciding that the settlement contemplated releases. Because the release of one tort feasor operates as a release to all (*Tidwell v. Smith* (1960), 27 Ill. App. 2d 63, 169 N.E.2d 157), the court reasoned that the settlement was a complete accord and satisfaction and therefore estopped plaintiff from enforcing the default judgment.

■■■ Whether or not a settlement was concluded on the basis of a release was a question for the trial court. (*Russell v. Klein* (1975), 33 Ill. App. 3d 1005, 339 N.E.2d 510.) Here, there were adequate grounds for the trial court's decision. The attorney for Lehn & Fink and National in his affidavit alleged that plaintiff had agreed on September 19, 1973, to settle this matter on the basis of a release. Counsel further alleged that he mailed a release to plaintiff's attorney who on several occasions over the next few months reaffirmed the agreement by assuring him that his client would sign the release. Because Koehler's section 72 petition is supported by affidavit and the plaintiff did not file a counteraffidavit or motion to strike the affidavit, statements contained in the affidavit must be taken as true. (*Joseph A. Thorsen Realtors v. Werner* (1975), 28 Ill. App. 3d 670, 329 N.E.2d 365 (abstract).) Moreover, the court after consulting its notes from the pretrial conference of September 19, 1973, suggested that plaintiff through counsel had agreed to execute a release. The court further recalled that at the time of the entry of the default it had questioned the value of the judgment in light of the effect of a release upon the liability of the remaining joint tort feasor. Counsel did not dispute the court's evaluation of the situation, but rather responded that he was only trying to get a "little sweetener" from Koehler. Nonetheless,

plaintiff suggests that this remark indicates her intent to reserve rights against Koehler. We disagree. It seems obvious to us that the entry of the default judgment was meant solely as leverage in obtaining a small contribution from Koehler. It had value only so long as Koehler was unaware of the settlement agreement entered into at the pretrial conference of September 19, 1973.

Lastly, plaintiff argues that even if a release was contemplated the release of one joint tort feasor should not operate as a release to others. Although this rule seems well settled in Illinois (*Tidwell v. Smith* (1960), 27 Ill. App. 2d 63, 169 N.E.2d 157), plaintiff argues that it has undergone considerable erosion in recent years. However, the cases she cites for this proposition are either from other jurisdictions (*Mauck v. Mading-Dugan Drug Co.* (N.D. Ill. 1973), 361 F. Supp. 1314 (applying Texas law); *Manos v. Trans World Airlines, Inc.* (N.D. Ill. 1968), 295 F. Supp. 1166); (applying Calif., Wash., D.C., and Arizona law) or concern the legal effect of written settlement agreements previously exchanged between the parties. (*Pennwalt Corp. v. Metropolitan Sanitary District* (N.D. Ill. 1973), 368 F. Supp. 972, *Perschke v. Westinghouse Electric Corp.* (1969), 111 Ill. App. 2d 23, 249 N.E.2d 698; *Kravis v. Smith-Marine, Inc.* (1974), 20 Ill. App. 3d 483, 314 N.E.2d 577; *Reese v. Chicago, Burlington & Quincy R.R. Co.* (1972), 5 Ill. App. 3d 450, 283 N.E.2d 517, *aff'd*, 55 Ill. 2d 356, 303 N.E.2d 382.) Prior to this appeal there had been no dispute between these parties as to the legal effect of a release. Rather the dispute has always been over what instrument the parties agreed to exchange—a release or a covenant not to sue. The record reflects that the legal significance of a release was commonly accepted and understood by all parties throughout the course of this litigation. We think the evidence was sufficient to find that the plaintiff agreed to execute an instrument releasing all parties including Koehler.

For the foregoing reasons the judgment of the circuit court is affirmed.

Affirmed.

MEJDA and WILSON, JJ., concur.