HERMAN HARDESTY, Plaintiff-Appellee, *v.* CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, Defendant-Appellant.

Third District   No. 77-542

Opinion filed May 23, 1978.

Ralph C. Murphy, of Murphy, Timm, Lennon, Spesia & Ayers, of Joliet, for appellant.

Michael D. Block, of Cirricione, Block & Krockey, P.C., of Joliet, for appellee.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Plaintiff Herman Hardesty sought relief pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72) from an order of

dismissal entered in a personal injury action filed by plaintiff Hardesty against Chicago, Rock Island and Pacific Railroad Company. The Circuit Court of Will County granted plaintiff's section 72 petition by granting plaintiff leave to file an amended complaint in the personal injury action, and by denying defendant railroad's motion to strike the section 72 petition. On appeal, defendant railroad contends that the circuit court improperly granted relief to plaintiff under section 72 of the Civil Practice Act.

The record discloses that on November 4, 1968, plaintiff filed his complaint against the defendant railroad, seeking to recover on a theory of negligence for personal injuries sustained by Hardesty while on defendant's property on November 3, 1966. At the time of plaintiff's injuries, he was employed by Harper's Red Line Transfer Company, which transfer company had contracted with defendant for the performance of certain work. Defendant railroad moved to dismiss the complaint on the ground that the complaint did not allege sufficient facts to establish a duty on the part of defendant railroad to furnish plaintiff a safe place to work or to establish that defendant railroad carelessly or negligently placed plaintiff in a hazardous position. In August or September of 1976, Circuit Judge Robert J. Immel granted the motion to dismiss, with leave to plaintiff to file an amended complaint. Plaintiff filed his first amended complaint on October 12, 1976. On November 1, 1976, defendant railroad moved to dismiss the first amended complaint on the same ground which defendant had used to challenge the original complaint. On November 10, 1976, the motion to dismiss was argued before Judge Immel by counsel for plaintiff and defendant. Following arguments of counsel, the court ordered the parties to submit briefs and took the matter under advisement. Briefs on behalf of both plaintiff and defendant were filed on December 7, 1976.

It appears that thereafter Judge Immel, on December 10, 1976, indicated to defendant railroad's attorney, that he was determining that the motion to dismiss should be granted and suggested that the attorney prepare an appropriate order to so indicate. On December 10, 1976, counsel for the defendant railroad wrote a letter to Judge Immel, which is in the record in this cause, stating that the proposed form of order in the case was enclosed, as prepared by defendant's attorney "pursuant to our conference with you today." No copy of the letter or the order was sent to plaintiff or plaintiff's attorney. Plaintiff's attorney was not present at, and was not given notice of, and actually had no knowledge of the conference between the judge and the attorney for defendant railroad. On December 16, 1976, the order of dismissal as prepared by defendant's counsel, which also assessed costs as against plaintiff, was filed by Judge Immel in the cause. The order did not instruct the clerk of the court to send a copy of

the order, or notice thereof, to plaintiff or plaintiff's attorney and no such copy or notice was sent to plaintiff or his attorney. The record shows clearly that neither plaintiff nor counsel for plaintiff had notice or knowledge of the entry of the final order of dismissal. Shortly after the entry of the order, Judge Immel was taken ill and subsequently died.

Thereafter, on June 8, 1977, attorney for plaintiff filed a motion for a hearing on defendant's motion to dismiss the first amended complaint, apparently assuming that Judge Immel had entered no order in the case and that no action had been taken. On June 13, 1977, attorney for defendant railroad, following the notice of the motion for the hearing, called and advised the plaintiff's counsel that the order of dismissal had been entered on December 16, 1976. This was apparently the first time the plaintiff's counsel had heard of the entry of the dismissal order. Plaintiff, thereafter, on the next day, June 14, 1977, filed a motion seeking vacation of the order of December 16, 1976, or, in the alternative for leave to file an amended complaint in the cause. Subsequently the circuit court ruled that the motion would be considered a petition for relief under section 72 of the Civil Practice Act, and on July 26, 1977, plaintiff filed an amended petition requesting relief under section 72 of the Civil Practice Act. Defendant railroad moved to strike the petition, and on September 16, 1977, the court heard arguments of counsel on such motion and on the petition. On September 20, 1977, the trial court entered an order pursuant to plaintiff's section 72 petition, wherein the court stated:

"The combination of the complete lack of knowledge of * * * [plaintiff's counsel] of the conference of December 10, 1976, of the drawing of the Order dated December 10, 1976, the lack of sending a copy of letter or Order to * * * [plaintiff's counsel], the lack of the Order requiring the Clerk to send copy of the Order to * * * [plaintiff's counsel], the illness and death of Judge Immel, with passage of time to make the Order final and to wipe out appeal time, all combined are such as to cause this Court to exercise its equitable powers under Section 72 of the Civil Practice Act to grant relief. Counsel for both Plaintiff and Defendant have referred to the combination of facts as 'unfortunate'. It would be more than 'unfortunate' if this Court were to compound the situation by refusing to do justice, and to grant the Plaintiff the right to attempt to state a cause of action, so as, if this can be done, to have his day in Court before a Jury, or, if not, to have the Complaint dismissed, and then, if desired, for plaintiff to have his right of appeal."

The circuit court granted plaintiff leave to file an amended complaint and vacated the portion of the order assessing costs to plaintiff, recited that the order of December 16, 1976, entered by Judge Immel be held not

to be a final order, and ordered otherwise that the order should remain in full force and effect, apparently with leave to file the amended complaint to be added thereto.

■ ■ ■ On appeal in this court, defendant railroad argues that the trial court erred in granting relief to plaintiff pursuant to section 72 of the Civil Practice Act. As stated in *Smith v. Lehn & Fink Products Corp.* (1st Dist. 1977), 46 Ill. App. 3d 1002, 1007, 361 N.E.2d 661:

> "A motion brought pursuant to section 72 is addressed to the equitable powers of the court. [Citation.] Whether a petition should be granted lies within the discretion of the court and its decision will not be disturbed on review unless the court abused its discretion. [Citation.] In weighing a section 72 petition 'courts are not strictly bound by precedent in affording post judgment relief. Whether or not the litigants are entitled to relief. Whether or not the litigants are entitled to relief under section 72 depends on all the circumstances attendant on the entry of the default judgment. Many different factual situations would justify or necessitate the vacation of a decree or a portion thereof. [Citation.]' "

We also further note, as stated in *Department of Public Works & Buildings v. Vogt* (5th Dist. 1977), 51 Ill. App. 3d 770, 779, 366 N.E.2d 310:

> "The purpose of a section 72 petition is to bring before the court rendering judgment matters of fact not appearing of record which, if known at the time judgment was rendered, would have prevented its rendition. [Citations.] Section 72 is addressed to the equitable powers of the court and is primarily concerned with the prevention of injustice."

We have noted, in the instant case, as the trial court apparently did in ruling on the section 72 petition, that while plaintiff's personal injury action had pended without final disposition for too long a period, defendant railroad's motion to dismiss the amended complaint did not pray for final judgment or a taxing of costs against plaintiff and that the order of December 16, 1976 (insofar as it was a final order taxing costs against plaintiff), did go beyond the relief prayed for in the defendant's motion.

We also note that section 4 of Rule 27 of the Rules of Practice of the Circuit Court of Will County provides that:

> "No motion will be heard or order made in any cause without written notice to the opposite party after such party has entered his appearance* * *."

The record makes clear that no notice of the preparation or entry of the December 16, 1976, order was given to plaintiff or his counsel in this cause. The lack of notice referred to antedated the entry of judgment and did not affirmatively appear of record. Lack of compliance with practice

rules has been held sufficient to support relief under section 72 of the Civil Practice Act. (*Hall v. Hall* (1st Dist. 1973), 15 Ill. App. 3d 599, 304 N.E.2d 763.) While Judge Immel did observe at the time of the hearing that he would rule on the motion to dismiss within 28 days after submission of briefs, we observe that plaintiff counsel's failure to monitor the court file in this cause and note the entry of the order, when viewed in light of Judge Immel's illness and subsequent early death, should not be viewed as a lack of diligence on the part of plaintiff which would preclude relief under section 72. *McDonald v. Checker Taxi Co.* (1st Dist. 1976), 44 Ill. App. 3d 345, 358 N.E.2d 95.

■■  It is obvious that the particular circumstances of this case combined to terminate the litigation potentially without allowing plaintiff full opportunity to present his cause. The culmination of events in the instant case was indeed "unfortunate" as both attorneys observed, and cannot truly be held to be the fault of anyone involved. There is nothing in the record which indicates any intention on the part of the attorney for the railroad to avoid giving notice of procedures to the attorney for the plaintiff. The railroad attorney had apparently assumed that notice of the entry of the order would be given to the plaintiff by the judge or through the clerk's office. After consideration of all the circumstances attendant upon the entry of the judgment in the instant personal injury action, we conclude that the circuit court did not abuse its discretion in granting relief to plaintiff under section 72 of the Civil Practice Act and that it was a proper exercise of the equitable powers of the court to grant plaintiff leave to file a second amended complaint in the cause in an attempt to state a cause of action in the instant case.

The order of the Circuit Court of Will County in the instant case entered on September 20, 1977, is herewith affirmed and this cause is remanded to the circuit court for further proceedings consistent with the views expressed in this opinion.

Affirmed and remanded.

STENGEL and STOUDER, JJ., concur.