# Eli S. Warner et al., Plaintiffs in Error, v. Sophie Wende, Defendant in Error.

## Gen. No. 24,123.

1.  JUDGMENT, § 273*—*when proper to vacate judgment in attachment suit on motion in nature of writ of error coram nobis.* An order vacating a judgment on a motion made subsequent to the term of its entry, under section 89 of the Practice Act (J. & A. ¶ 8626), relating to a motion in the nature of a writ of error *coram nobis*, was properly entered, where it appeared from affidavits that in the attachment suit in question, the defendant had filed a special appearance within the judgment term stating it was for the sole purpose of moving to quash the writ and release the levy on stated grounds, which, if true, rendered the attachment void; and that the appearance fee was paid and the motion entered and continued, and no entry thereof was made on the court's docket, and that the papers given to the clerk for filing were not placed in or did not appear in the files; and error in fact was thus shown to have been committed.

2.  JUDGMENT, § 274*—*when misprision of clerk of court established.* Misprision of the clerk, forming a basis of a motion to set aside a judgment at a term subsequent to its entry, under section 89 of the Practice Act (J. & A. ¶ 8626), relating to a motion in the nature of a writ of error *coram nobis*, was established where it appeared by affidavits that in the attachment suit in question the defendant had filed a special appearance within the judgment term, stating it was for the sole purpose of moving to quash the writ and release the levy on stated grounds, which, if true, rendered the attachment void; and that the appearance fee was paid and the motion entered and continued, and no entry thereof was made on the court's docket, and that the papers given to the clerk for filing were not placed in or did not appear in the files; and error in fact was thus shown to have been committed.

3.  JUDGMENT, § 273*—*when defendant in attachment suit entitled to benefits of motion in nature of writ of error coram nobis.* Misprision of the clerk in failing to enter and continue a motion to quash an attachment, which resulted· in the entry of a judgment against the defendant, without negligence on his part, was an error in fact which did not appear of record, and entitled defendant to the benefits of the motion in the nature of a writ of error *coram nobis*, provided by section 89 of the Practice Act (J. & A. ¶ 8626), for the vacation of judgments after the term of their entry.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. JUDGMENT, § 272*—*when objection that motion in nature of writ of error coram nobis was not in writing will not be considered.* An objection that the motion in question to vacate a judgment, entered after the term of rendition under section 89 of the Practice Act (J. & A. ¶ 8626), was not in writing as required by the act, was not considered where plaintiff, in urging his objections below, specifically referred to the motion as having been filed, and where the record admitted of the construction that the motion had been filed.

Error to the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1918. Affirmed. Opinion filed June 10, 1919. *Certiorari* denied by Supreme Court (making opinion final).

BITHER & GOFF, for plaintiffs in error.

JOHN B. FRUCHTL, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

This writ of error brings for review an order vacating a judgment on a motion made at a term subsequent to its entry, based on the claim that such judgment was entered through a mistake of fact caused by the misprision of the clerk. The main question presented is whether the entry of the judgment under the circumstances was error in fact, such as may be corrected by a motion pursuant to section 89 of the Practice Act (J. & A. ¶ 8626), or error in law.

The original suit was in attachment, and notice, pursuant to section 22 of the Attachment Act (J. & A. ¶ 513) requiring defendant to appear at the July 1917 term, was published. Nothing further appeared of record until September 18, 1917, when a default was entered against defendant in error, and on September 27, 1917, judgment against her was entered on the verdict of a jury. On November 1, 1917, defendant in error was given leave to file a motion to vacate the default, verdict and judgment, and the motion was

continued to November 5, 1917. On December 10, 1917, on defendant's motion, the default, verdict and judgment were vacated and set aside, the case reinstated and defendant given leave to plead, and thereafter defendant pleaded the general issue and traversed the facts in the attachment affidavit that the defendant was about to fraudulently conceal, etc., her property so as to hinder or delay her creditors.

Facts not on the face of the record set up in the affidavits in support of the motion to vacate the judgment were that defendant filed a special appearance at the July term, 1917, stating it was for the sole purpose of moving to quash the writ of attachment and release the levy on certain grounds specified therein, which, if true, rendered the attachment invalid; that her appearance fee was paid (the clerk's receipt for which was later produced) ; that the motion was made and continued, and that no entry thereof was made on the court's docket, and that the papers given to the clerk for filing were not placed in or did not appear in the files.

It was said in *People v. Noonan*, 276 Ill. 430, that a motion under such section must set up and rely on such fact or facts as are unknown to the court and do not appear upon the face of the record, and which, if known, would have precluded the rendition of the judgment. All these elements are present in the case at bar. Had the court known of the pendency of a motion based on grounds that would have defeated the attachment, it unquestionably would not have entered a default, at least without disposing of the motion. But it acted in ignorance of such motion, knowledge of the pendency of which was prevented through misprision of the clerk in not preserving in the files the papers so left and making the proper entries on the docket.

Plaintiffs in error urge that had such papers been on file and such entries been made and the court had

proceeded in disregard of them, its action would have been merely an error in law. That may be granted, but such hypothesis furnishes no test of the question before us. Error in that case could have been reviewed from what appeared on the face of the record; but not so where, as here, without defendant in error's negligence, the court's judicial determination was in ignorance of facts not appearing on the face of the record, and which, but for the misprision of the clerk, would have been brought to its attention and doubtless have precluded rendition of the judgment. For had the court quashed the attachment writ on the motion, it would have been left without jurisdiction to enter the judgment for want of personal service or general appearance.

Plaintiffs in error contend here that the motion was not in writing, as required to be under section 89. While we think the record indicates otherwise, plaintiffs in error in urging objections below to the sufficiency of the motion specifically referred to the motion as having been filed, and will not, therefore, be heard to contend to the contrary here, unless the record admits of no other construction.

Nor do we think that the further contentions that the affidavits in support of the motion do not sufficiently set forth a meritorious defense, and that defendant did not exercise due diligence in calling up the motion, are well taken. We think the case comes within the purview of section 89 of the Practice Act, and that the court's action was proper.

*Affirmed.*