## Jolan Toth, Appellee, v. Samuel Phillipson & Company, Appellant.

### Gen. No. 32,644.

Opinion filed October 11, 1928.

CHURCH, HAFT, ROBERTSON & CROWE, for appellant.

I. E. KORN and CHARLES L. MAHONY, for appellee; CHARLES L. MAHONY, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

This is a suit brought to recover for personal injuries. It was dismissed for want of prosecution February 19, 1925, and reinstated January 28, 1928, upon overruling defendant's demurrer to plaintiff's

motion in the nature of a writ of error *coram nobis* provided for by section 89 of the Practice Act, Cahill's St. ch. 110, ¶ 89. Defendant elected to stand by its demurrer and appealed from the judgment vacating and setting aside the judgment of February 19, 1925.

The motion was founded upon the following facts as set forth therein and supported by affidavits:

February 19, 1925, the cause of action was on the trial call of that day before Judge Caylor of the superior court. Plaintiff's attorneys also had other cases on other trial calls for the day in other branches of that court and in the circuit court. Among them was the first case on the trial call of Judge Pam of the superior court, which required their immediate personal attendance. At 10 a. m., the usual time for the opening of said courts, their clerk, one Kencke, was directed to answer the calls of the cases in other courts, including the case in question. He went first to Judge Caylor's court room at said hour and the judge not having opened his court he notified the minute clerk of said court that he would return in a few minutes to answer the call, but in the event the case was reached before his return to inform the court that plaintiff's attorneys were about to be engaged before Judge Pam. He returned to Judge Caylor's room about fifteen minutes later, after having attended to calls in the other court rooms, and asked the minute clerk as to the status of the case, and was informed by him that it had been continued to March 2, 1925, the opening date of the following term, and he communicated such information to plaintiff's attorneys. They paid no further attention to the case until March 2, when they ascertained that it had been dismissed for want of prosecution the previous February 19. Inquiry developed the fact, as sworn to also by the minute clerk, that on February 19, several cases on Judge Caylor's trial call were continued to March 2, and that the minute clerk when giving such information labored

under the misapprehension that the case in question was among them, but as a matter of fact the cause was dismissed after he gave such information.

Appellant contends that the court was without jurisdiction to set aside the judgment because entered at a previous term, and cites cases not pertinent, either because the proceeding was not under said section or the facts did not bring it within the scope of its remedy. The statute itself permits resort to the remedy under said section at any time within five years after rendition of the judgment. (See section 89, Practice Act, Cahill's St. ch. 110, ¶ 89; *Cramer v. Illinois Commercial Men's Ass'n,* 260 Ill. 516.)

The primary question is whether the admitted facts present such a mistake of fact as may be corrected by motion under said section. The order of dismissal for want of prosecution was entered, as therein stated, because neither party appeared when the case was called for trial. It was said in *Cramer v. Illinois Commercial Men's Ass'n, supra,* that the error in fact which may be assigned under the motion must be some fact unknown to the court which, if known, would have precluded the rendition of the judgment. Had the judge understood that as a matter of fact plaintiff in effect had appeared to respond to the call, and was misinformed by the duly officiating clerk that the cause had been continued to a future date, the order undoubtedly would not have been entered.

Nor under the admitted state of facts, and the well known conditions existing in this county where attorneys often have cases called for trial in different courts on the same day and depute members of their clerical force to represent them in answering the calls, do we think negligence could be imputed to plaintiff so as to defeat his right to the remedy. It is well known in this county where numerous trial courts are sitting at the same time the exigencies of such a situation require that trial attorneys be represented by

their clerical force to respond to some of the calls, and that the court acts upon their response the same as if the attorneys of record themselves appeared in person. The litigant or his attorney in such instances is treated as having appeared, the court recognizing that it is impracticable and impossible under such circumstances for the trial attorney to respond to each call in person or to employ a force sufficient to try every case as it is called. Under the recognized practice, of which we take judicial cognizance, plaintiff's attorneys appeared in the instant case to notify the court of readiness to prosecute the case when released from a cotemporaneous engagement in another branch of the same court, and had actually so notified its clerk. That the order, therefore, was entered under a misapprehension of the court as to the fact of their appearance and intention to prosecute, constitutes, we think, such a mistake of fact as comes within the scope of said section.

Whether the misinformation given by the clerk technically constitutes misprision we deem immaterial. The mistakes of fact upon which such a motion may be predicated are not confined to omissions or misprisions of the clerk. Here the mistake of fact was dismissing the case on the supposition that plaintiff had not appeared for trial, whereas he had, and that fact was unknown to the court when it entered the order. In principle the case is similar to that of *Madden v. City of Chicago,* 283 Ill. 165. It there appeared that on the general call of the calendar the case was stricken under a rule of court when plaintiff's attorneys did not appear and make known their request for trial. Such a request was made to the clerk but not correctly noted by him. After having been assured by the clerk that the request was understood plaintiff's attorneys left and were not present when the case was called. It was not only held to be such a mistake of fact as comes

within the purview of said section, but the attorneys were warranted in assuming that the cause would be placed on the trial calendar and tried in due course by reason of the clerk's assurance. That the present case came up on the trial call and not under rules pertaining to a general call presents no valid distinction in principle between this case and that. The clerk is an officer of the court and it is his duty to note its orders that are to be subsequently spread of record. He was the proper one to consult as to the status of the case and was supposed to know and note the orders of the court, and we think plaintiff was warranted in relying upon his statement as to what they were and was not required to verify the same by consulting his minutes. The clerk, however, was mistaken and here as in the *Madden* case misled plaintiff and indirectly the court. We think, therefore, the case was properly reinstated.

*Affirmed.*

GRIDLEY, P. J., and SCANLAN, J., concur.