**Dorothy Clark, Plaintiff-Appellee, v. Claude
Brown, Defendant-Appellant.**

**Gen. No. 53,364.**

First District, First Division.

March 9, 1970.

Rehearing denied April 6, 1970.

Harold Aling, of Chicago (Eugene Lieberman, of counsel), for appellant.

Westbrooks, Holman & E. F. Johnson, of Chicago (Claude W. B. Holman, of counsel), for appellee.

MR. JUSTICE ADESKO delivered the opinion of the court.

This appeal was instituted pursuant to the Paternity Act (Ill Rev Stats 1967, c 106¾, § 1 et seq.). Plaintiff's

verified complaint was filed on January 28, 1963, alleging in Count I that defendant was the father of a child born to the plaintiff and in Count II that defendant was indebted to the plaintiff for certain sums of money which she had loaned him. Counsel of defendant's choice entered an appearance, asked for trial by jury and filed a verified answer to plaintiff's complaint.

As to the paternity count, the defendant specifically denied that he was the father of the child in question; denied that the parties had sexual intercourse; denied that he had orally or in writing acknowledged paternity; and stated that plaintiff was a married woman at the time the child was conceived and at the time of birth. On February 15, 1968, defendant's counsel were given leave to withdraw; on February 19, 1968, the case was assigned for trial and on February 28, 1968, a hearing was held. The defendant was not given notice of this hearing and was not present. The trial court conducted the hearing without a jury and entered an order finding that defendant was the father of the child born out of wedlock. The order also recited that the court had been "fully advised" that on numerous occasions the defendant had acknowledged paternity of the child. The second count for money loaned was nonsuited because of a discharge in bankruptcy.

Subsequently, on March 21, 1968, the plaintiff's motion to set the amount of support was continued to April 4, 1968, and the defendant was given five days to file any petition he desired. At this time defendant was present but without counsel. On April 4, 1968, the case was further continued and leave was given the defendant's present attorney to file an appearance on his behalf.

On April 26, 1968, the defendant served notice and filed his petition under section 72 of the Civil Practice Act. The pertinent allegations stated that the trial court had proceeded without a jury despite a jury demand filed by the defendant. Plaintiff filed a motion to strike.

283

On May 20, 1968, the defendant's motion to vacate the judgment of February 28, 1968, was denied. Defendant then filed this appeal. The record does not contain any report of proceedings of the hearings conducted in this case.

The defendant contends that the judgment order was void since the case was tried at an ex parte hearing, without a jury, when the case was at issue upon the complaint and answer of the parties and a jury demand was of record. Defendant argues that notice of the hearing should have been given him and that without notice the jury demand could not be waived at an ex parte hearing. The defendant has relied upon cases which have held that when a plaintiff has waived a jury, the defendant must be advised so that the defendant may have the opportunity to demand a jury trial. Selvaggio v. Kickert School Bus Line, Inc., 46 Ill App2d 398, 197 NE2d 128 (1964); Skivington v. Lehman, 36 Ill App2d 479, 184 NE2d 785 (1962). Defendant argues that this requirement of notice should be followed even where the defendant's jury was waived. The appellant contends that issues had been joined, which required a jury determination and that an "in absentia" hearing was improper under these circumstances.

██ The plaintiff states that the Paternity Act is a statutory cause of action and that the correct procedure was strictly followed in this case. No question as to the constitutional right to trial by jury is present since the cause of action under discussion was not recognized at common law. People v. Niesman, 356 Ill 322, 190 NE 668 (1934). Plaintiff argues further that the trial court was correct in proceeding without a jury since a paternity action is civil in nature so that any irregularity may be waived by a party. The argument is that due to defendant's acknowledgment of paternity, as recited in the judgment order, there was no issue of fact for the jury to decide. Plaintiff further contends that the hearing

was proper because the defendant was presumed to be present because of his bond obligation.

 Plaintiff states that the defendant was voluntarily absent from court despite his obligation under the recognizance bond to be present for the specific case in question. We do not think that defendant was voluntarily absent. The record shows that defendant's attorneys withdrew from this case four days prior to the assignment of this case for trial. There is no question that no notice was given to the defendant for the assignment of this case. There is no merit in plaintiff's assertion that the hearing was conducted properly. It appears from one of the cases cited by plaintiff, Anthony v. Gilbrath, 396 Ill 125, 71 NE2d 84 (1947), that a hearing "is generally understood as meaning a judicial examination of the issues between the parties, whether of law or of fact." Gilbrath, page 128. We understand this to mean that the litigants for each side of a case have been heard. In the instant case there is no doubt that the hearing was conducted ex parte.

 Throughout plaintiff's brief there have been numerous references to the judgment order which found that the defendant had acknowledged paternity of the child. The trial court was so "advised" solely by the plaintiff. That finding has been questioned by the defendant because the answer filed on his behalf specifically denied paternity. The Paternity Act sets forth the type of acknowledgment that will be accepted in order to support such a finding. The statute provides, "where the person accused has acknowledged the paternity of the child by a written statement made under oath or affirmation or has acknowledged the paternity of such child in open court. . . ." Ill Rev Stats, c 106¾, § 54 (1967). The record here does not reveal that defendant acknowledged paternity by either of these methods. Under these circumstances we must hold that that part of the judgment order is not supported by the record. We

cannot penalize the defendant for not presenting a report of proceedings because he was not notified of that hearing.

██ ██ With regard to plaintiff's argument that no factual issues were present, we note that defendant's answer denied paternity, denied sexual intercourse with plaintiff and alleged plaintiff was married at the time of conception and at the time of the birth of the child. This last allegation was intended to put in issue the rule of presumed legitimacy of a child born to a married woman. According to the case of People ex rel. Gonzalez v. Monroe, 43 Ill App2d 1, 192 NE2d 691 (1963), such an allegation in a paternity action raises the rebuttable presumption of legitimacy, which must be overcome by clear and convincing proof of the plaintiff. See also People ex rel. Jones v. Schmitt, 101 Ill App2d 183, 242 NE2d 275 (1968). We are of the opinion that this allegation of defendant's answer in this case along with his other denials of paternity presented factual determinations for the jury's consideration.

 Thus, we must consider the question of whether the defendant waived trial by jury in this case. According to the statute:

> "At the time appointed for appearance and answer, the court shall cause an issue to be made whether the person charged is the father of the child, which issue, upon demand of either the mother or the accused person, *shall be tried by a jury.*" Ill Rev Stats, c 106¾, § 56 (1967). (Emphasis supplied.)

The plaintiff argues that this provision is merely directory and that because of the nature of a paternity action, this procedure may be waived. A paternity action is considered a proceeding that is civil in nature although criminal in form. Plaintiff has cited Kanorowski v. People, 113 Ill App 468 (1904), for the proposition that the words "shall be tried by a jury" should be construed as

directory only. The rationale for this construction was expressed in the case of People ex rel. Landwehr v. Humbracht, 215 Ill App 29 (1919), where it was stated at page 34:

> " 'The word *shall* may be held to be merely directory when no advantage is lost, when no right is destroyed, when no benefit is sacrificed, either to the public or to any individual, by giving it that construction. (Wheeler v. City of Chicago, 24 Ill 105–107; Canal Commissioners v. Sanitary Dist. of Chicago, 184 Ill 597–604.)' "

Following this principle, we are of the opinion that such a construction is not justified. The defendant had exercised the right of jury trial by filing his demand for the same. Under this state of the record we conclude that his right to a jury trial was destroyed in contravention to the rule of construction stated in the Humbracht case. Thus, construing this jury provision as a directory would be improper in the instant case.

As to the waiver argument, we cannot conceive of a situation where a party litigant may relinquish the precious right of jury trial where he is not present when that is accomplished, nor has he received any notice of a hearing. The record reveals that at the time of the alleged waiver, the defendant was without counsel. Furthermore, this case had been pending on the trial calendar for nearly five years. In our view of this record, we are of the opinion that defendant did not waive his right to have the factual issues tried by a jury.

Hartsock v. Bress, 40 Ill App2d 66, 189 NE2d 673 (1963), which we consider applicable to our decision, was a paternity action in which defendant was notified that the case would be tried before a jury. After several continuances, the defendant's petitions for a jury were denied. The reviewing court reversed on the issue of the right to a jury trial. The opinion stated that the right

287

to a jury trial should be liberally construed despite the fact that defendant had not filed his jury demand in due time. The reviewing court noted that defendant was advised by the trial court that a jury trial was intended and the defendant had not been notified of the change to a bench trial, drawing an analogy to the situation where a plaintiff withdraws a jury demand and the defendant must be advised in order to give the defendant an opportunity to demand a jury.

 This analogy is precisely the same as relied upon by appellant in the instant appeal. In the absence of any showing of inconvenience to the court or the litigant, we conclude that defendant should have been notified of the judgment hearing where he had demanded a jury trial.

██ ██ The plaintiff has contended that the petition to vacate the judgment was not sufficient. It is axiomatic that under section 72 of the Civil Practice Act (Ill Rev Stats 1967, c 110, § 72), a party seeking to vacate a judgment beyond 30 days after its rendition must allege a meritorious defense and demonstrate due diligence in presenting the petition. Brochmeyer v. Duncan, 18 Ill 2d 502, 165 NE2d 294 (1960). Appellee argues that defendant's only motive for challenging the instant judgment is that he wishes to avoid payment for the support of the child. The argument is that the findings of the trial court that defendant acknowledged paternity have not been challenged. Plaintiff has contended that without a report of proceedings, the record imports verity and the findings are conclusive. We think that these principles are inapplicable to this case in light of the fact that defendant was not present at the judgment hearing. As we noted earlier, the defendant cannot be penalized for failing to present a report of proceedings of a hearing at which he is not present.

Plaintiff argues that no due diligence was evidenced where defendant did not challenge the judgment until almost two months after the order. The record shows that on March 21, 1968, the defendant was present for a support hearing. On that date (within 30 days of the judgment) the defendant was given 5 days to file any petition in this cause. We note that defendant was not represented by counsel at this time. Defendant secured the services of an attorney on April 4, 1968, and the petition to vacate was filed on April 26, 1968.

██ ██ We are mindful of the rule that a petition under section 72 may be addressed to the equitable powers of a court when necessary to prevent injustice. Ellman v. DeRuiter, 412 Ill 285, 106 NE2d 350 (1952). We are of the opinion that the defendant has exercised due diligence in challenging this judgment. The appellant had filed an answer which presented factual issues. He had demanded a jury to determine those questions. Yet, the trial court proceeded to hear the case without notice to the defendant and where the record showed that a jury had been requested. Furthermore, the fact that defendant was without counsel from February 19, 1968, until April 4, 1968, is substantial proof that defendant was unaware of the proper procedures necessary to challenge the judgment. Once counsel for defendant came into the case, the immediate response was to challenge the judgment for the defects alleged. Plaintiff has not asserted that the defendant did not have a meritorious defense under the petition to vacate.

██ Finally, plaintiff contends that defendant cannot accept the benefit of part of an order while seeking to reverse another part. The argument is that the nonsuit for the count concerning money loaned was a benefit to defendant which bars him from challenging the paternity portion of the decree. Boylan v. Boylan, 349 Ill

471, 182 NE 614 (1932) ; Holt v. Rees, 46 Ill 181 (1867). Both of these cases dealt with a party challenging a single decree rendered upon one cause of action. We think the answer lies in the fact that plaintiff's complaint was a joinder of two counts of separate causes of action against the defendant. Therefore, this rule has not been violated in this case.

The judgment of the Circuit Court of Cook County is reversed and remanded.

Reversed and remanded.

BURMAN, P. J. and MURPHY, J., concur.