ANNA RESTO *et al.*, Plaintiffs-Appellants, *v.* JACK WALKER, Defendant-Appellee.

First District (2nd Division)   No. 77-1738

Opinion filed November 28, 1978.

Jerrold Blumoff, of Brown, Dashow, Arons & Doran, of Chicago, for appellants.

Joel S. Summer, of Chicago (Urie & Cahan, Ltd., of counsel), for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

Plaintiffs appeal from an order which granted defendant's petition, pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72), to vacate an *ex parte* judgment. Plaintiffs' chief contention is that the petition was insufficient as a matter of law in that it failed to allege facts tending to show the existence of a meritorious defense to the original cause of action.

On August 25, 1975, plaintiffs filed a complaint against defendant, their landlord, alleging that he turned off the gas to their apartment and removed their front door, thus causing intruders and strangers to enter the apartment and carry away plaintiffs' property. On March 18, 1976, a default judgment was entered against defendant. On April 2, 1976, on motion of defendant, the default judgment was vacated. This motion to vacate was not made part of the record on appeal, but the pertinent portion of the motion was set out in defendant's brief, and plaintiffs do not contend that defendant's representation of the contents of the motion is inaccurate nor have they objected to its consideration by this court on the ground that it has not been made part of the record. According to defendant's brief, the motion stated:

"4. Defendant has a valid defense, insofar as Plaintiff has no meritorious claim and has, in fact, filed a false and frivolous pleading. Defendant will adduce competent evidence at trial that, contrary to the allegations in Count I of Plaintiffs' Complaint, the

door was not removed by Defendant or anyone at his direction. As to the allegations in Count II, Plaintiffs' possessions were carried off under Plaintiffs' observation and direction."

However, defendant's answer only admitted that there existed a month-to-month tenancy between defendant and plaintiffs for the rental of the apartment involved; defendant's answer otherwise simply denied each and every allegation of plaintiff's complaint and contained no other factual matter. The cause was subsequently set for trial on December 20, 1976.[1]

The parties concede that sometime shortly before the trial date, their counsel agreed to continue the trial to a date in April 1977. Defendant's counsel contends that on December 20, 1976, an attorney from his office appeared in court and requested of the clerk that the matter be set for trial sometime in April of 1977. According to defendant, the clerk gave counsel what he said was the next available date, July 11, 1977.

Later that day, counsel for the plaintiffs also appeared in the same courtroom to request continuance of the same matter, and was advised by the clerk that someone from the office of defendant's counsel had already requested a continuance and that the case had been continued to April 27, 1977. Plaintiffs' counsel then examined the minute book[2] and perceived that it reflected the trial date as April 27, 1977, though we note that no reproduction of this entry has been made part of the record on this appeal.

On April 27, 1977, without any notice to, or knowledge on the part of, defendant or his counsel, plaintiffs appeared in court and, after testimony by plaintiff Anna Resto, had an *ex parte* judgment entered against defendant in the sum of $2000. Defendant alleges that it was not until June 28, 1977, before the trial date he had been given, that he received any notice or knowledge of the judgment. The notice came in the form of a citation to discover assets which had been issued on June 20, 1977, 54 days after the entry of the *ex parte* judgment.

On the day after he was served with the citation to discover assets, defendant filed a petition to vacate the judgment, pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72). In his

[1] The pleadings and affidavits of both plaintiffs and defendants initially referred to the trial date as January 20, 1977, instead of December 20, 1976. However, counsel for both parties clarified the correct date for the record and the court in the hearing on the section 72 petition in the court below.

[2] Plaintiffs' briefs, pleadings, and affidavits initially stated that plaintiffs' counsel had examined the "docket book." However, plaintiffs have moved to amend the record on appeal to the effect that wherever the words "docket book" appear in pleadings or affidavits filed by plaintiffs or their counsel in the record on appeal herein, they be changed to "minute book." Defendant filed objections to the motion on the ground that plaintiffs were attempting to "change the facts of this case" in that entries in the minute book are made by the judge while those in the docket book are made by the clerk. The motion was taken with the case, and we see no reason that it should not be granted.

petition, defendant alleged that an *ex parte* judgment had been entered against him on April 27, 1977, when in fact the matter had been set for trial on July 11, 1977, as appeared from the copy of the "half-sheet" appended to the petition as Exhibit A. Defendant contended that he had a right to rely on the half-sheet, under Cook County Circuit Court Rule 0.3(b), and that if the matter had been set for trial on April 27, 1977, it was a misprision of the clerk not to note this on the half-sheet. Defendant's petition also alleged that defendant's attorney notified plaintiffs' counsel of the July 11, 1977, trial date.

Plaintiffs filed a motion to strike the petition to vacate, alleging: (1) that the petition was insufficient to warrant the relief sought; (2) that from the petition it affirmatively appeared that the relief prayed for therein should be denied; (3) that the defendant had not exercised diligence in that the minute book reflected the trial date as April 27, 1977; (4) that defendant had advised plaintiffs that defendant would seek a trial date in April 1977; (5) that plaintiffs' counsel's examination of the minute book indicated the trial date as April 27, 1977; (6) that defendant had no right to rely on the half-sheet since the parties had agreed on an April date; and (7) that defendant's petition failed to allege that defendant had a valid defense to the action in the event judgment was vacated.

Pursuant to the motion to strike, plaintiffs attached the affidavit of plaintiffs' counsel, which stated: (1) that the parties had agreed to a continuance to April 1977; (2) that they had agreed that counsel for plaintiffs would obtain the continuance; (3) that counsel for plaintiffs appeared to request a continuance and was told that counsel for defendant had already received a continuance, to April 27, 1977; (4) that counsel for plaintiffs examined the minute book and perceived that it reflected the trial date as April 27, 1977; and (5) that counsel for plaintiffs never received any notice from defendant or his counsel that defendant expected the cause to be heard on July 11, 1977, rather than in April 1977, as had been agreed.

Pursuant to his petition to vacate and prior to the hearing thereon, defendant also filed an affidavit, by one Mr. Lurie, the lawyer from the office of defendant's counsel who appeared in court on December 20, 1976, to request a continuance. In his affidavit, Mr. Lurie stated that he sought to continue the cause by agreement to the first week in April, but the clerk gave him July 11, 1977, as the next trial date, which date he marked in his diary, a copy of the entry being attached to his affidavit. Mr. Lurie further stated that after he returned to his office he informed defendant's counsel that the cause was set for trial on July 11, 1977.

However, at the hearing on the petition to vacate, when asked whether he had in fact notified plaintiffs' counsel of the July 11, 1977, trial date, which plaintiffs' counsel denied, defendant's counsel stated that that was only their usual practice, that he did not recall specifically that it had

been done in this case, and that he could not swear that it had been done. Accordingly, defendant sought vacature based solely on the error or misprision of the clerk in giving defendant's counsel the July 11, 1977, trial date and in marking that date, rather than April 27, 1977, on the half-sheet.

In response, counsel for plaintiffs argued that he properly relied on the April trial date, as that was their understanding and that was the date that appeared in the minute book. Plaintiffs have further argued that the half-sheet makes no reference to July 11, 1977, as a trial date. While it is true that the entry relied upon by defendant is found under the column designated "PAPERS FILED AND WRITS ISSUED" and does not explicitly state that it is a trial date, in light of Mr. Lurie's affidavit and in view of the fact that the previous trial date was December 20, 1976, it is noteworthy the sequence of entries in that column is as follows:

"SEP 15 1976 ROBERT G. MACKEY 12-20-76
DEC 20 1976 WALTER B. BIESCHKE JUL 11 1977
9/16/77 NOTICE OF APPEAL FLD."

The trial court had no difficulty finding that these entries signified that on December 20 an order had been entered continuing the matter to July 11 and that the clerk had made an error.

However, plaintiffs chiefly resisted the petition to vacate, not on the ground that the clerk had not made an error, but that the petition was nevertheless insufficient because it failed to allege a meritorious defense, or facts in support thereof, to the original cause of action. Defendant's counsel responded:

"* * * we obviously feel there is a meritorious defense.

Our client is obviously not guilty of this whole thing that they are alleging, and we are ready to proceed and prove that up. We are ready to proceed on trial. We have witnesses. The whole thing to say that he is, in fact, not guilty of this conversion."

When the court indicated that it was inclined to grant the petition on the basis of the clerk's mistake, counsel for plaintiffs renewed his argument that the petition was nevertheless insufficient because it failed to allege facts in support of the contention that there was a meritorious defense. The following colloquy ensued:

"THE COURT: Well, shall I now say to this gentleman, "Go back and prepare another petition or amend our file and amend the petition and set forth your defense"? Is that going to resolve anything? Is that going to help you, to help everybody, to help The Court; because obviously, he will. I think under the circumstances if there was a mistake, some error made, evidently, The Court is convinced that there was. I think we ought to resolve it in favor of the party asking that the error be resolved.

To ask them now to go back and amend their petition, and I

agree with you, that his petition should allege a meritorious defense and set forth the facts, but isn't it saving you the time of coming back here again?

MR. BLUMOFF [counsel for plaintiffs]: We would be happy to do whatever your Honor orders.

THE COURT: You will be happy.

MR. BLUMOFF: Whatever your Honor orders."

Whereupon the court granted defendant's petition to vacate the judgment, from which order plaintiffs appeal.[3]

■■ Section 72 provides a procedure for obtaining relief from final orders, judgments, and decrees after the passing of 30 days from the date of entry thereof. The section enables a party to bring to the attention of the court matters of fact which, if known to the court at the time judgment was entered, would have prevented rendition of the judgment. (*E.g., Diacou v. Palos State Bank* (1976), 65 Ill. 2d 304, 357 N.E.2d 518; *Esczuk v. Chicago Transit Authority* (1968), 39 Ill. 2d 464, 236 N.E.2d 719.) A petition or motion to vacate a judgment pursuant to section 72 is addressed to the equitable powers of the court (*Elfman v. Evanston Bus Co.* (1963), 27 Ill. 2d 609, 190 N.E.2d 348); whether or not the relief prayed for should be granted rests in the sound discretion of the trial court, depending upon the facts and equities presented, and upon review the court is justified in disturbing the decision of the trial court only when it finds that that discretion has been abused. *George F. Mueller & Sons, Inc. v. Ostrowski* (1974), 19 Ill. App. 3d 973, 313 N.E.2d 684.

■■■ It is well settled that a section 72 petition is a new action, subject to the same rules of pleading as any other action. (*Brockmeyer v. Duncan* (1960), 18 Ill. 2d 502, 165 N.E.2d 294.) To be entitled to relief under section 72, therefore, the petitioner must plead and prove facts sufficient to justify relief. (*Esczuk v. Chicago Transit Authority; Lammert v. Lammert Industries, Inc.* (1977), 46 Ill. App. 3d 667, 360 N.E.2d 1355.) Courts have frequently stated that, generally, a petition must set forth facts showing the existence of a meritorious defense in the original action and the exercise of due diligence in both the original action and the section 72 petition. (*E.g., Hall v. Hall* (1973), 15 Ill. App. 3d 599, 304 N.E.2d 763.) However, because a petition under section 72 is addressed to the equitable powers of the court, the courts have not considered themselves strictly bound by precedent (*Smith v. Lehn & Fink Products Corp.* (1977), 46 Ill. App. 3d 1002, 361 N.E.2d 661), and have held, in the interest of justice and fairness, that these requirements need not be viewed in a vacuum (*Manny Cab Co. v. McNeil Teaming Co.* (1975), 28 Ill. App. 3d 1014, 329 N.E.2d 376), nor must they invariably be enforced.

---

[3] A question not raised by the parties is whether this colloquy might not have amounted to a waiver of the meritorious defense requirement on the part of the plaintiffs.

Accordingly, it has been held that justice and fairness may require that a judgment be vacated even though the requirement of due diligence has not been satisfied. (*Nashlund v. Sabade* (1976), 39 Ill. App. 3d 139, 350 N.E.2d 90; *Manny Cab Co. v. McNeil Teaming Co.*; *George F. Mueller & Sons, Inc. v. Ostrowski.*) In this regard, it is important to note the totality of circumstances attending the case, both before and after the rendition of judgment (*Manny Cab Co. v. McNeil Teaming Co.*), including the conduct of the parties and of counsel. (*George F. Mueller & Sons, Inc. v. Ostrowski*; *Hall v. Hall.*) When a decision involves these equitable considerations, the court on review will be loath to overturn it unless an abuse of discretion on the part of the trial court is clearly demonstrated. *Manny Cab Co. v. McNeil Teaming Co.*

We deal first with plaintiffs' contention that defendant failed to exercise due diligence. Plaintiffs argue that defendant's failure to appear on the April 27, 1977, trial date was the result of defendant's lack of diligence, and plaintiffs cite the well-known rule that section 72 is not intended to relieve a party from the consequences of his own negligence. *E.g., Diacou v. Palos State Bank*; *Esczuk v. Chicago Transit Authority*; *Brockmeyer v. Duncan.*

Defendant's position, however, is that it was not negligence or lack of diligence which prevented his appearance on the trial date, but rather the error or misprision of the clerk in telling defendant's counsel the wrong trial date and in marking the wrong date on the half-sheet, on which defendant contends he justifiably relied.

Plaintiffs respond by pointing out that the half-sheet does not expressly refer to July 11, 1977, as a trial date, and that, in any event, defendant could not properly rely on the half-sheet as it is only a memorandum for the convenience of the litigants, the lawyers, and the public, citing, *e.g., Tinkoff v. Wharton* (1951), 344 Ill. App. 40, 50, 99 N.E.2d 915.

■■ While we note that the content and sequence of entries on the half-sheet inferentially establish July 11, 1977, as a trial date, and the trial court so found, we agree that defendant could not properly rely on the half-sheet, as it has been held to be an informal memorandum and not the official record of the court. Neither do we find anything to the contrary in Cook County Circuit Court Rule 0.3, which only pertinently provides that half-sheets may be kept, and says nothing about their force and effect.[4]

■■ ■ Nevertheless, defendant's petition was also supported by the uncontradicted statement in the affidavit of his law partner that the clerk told him that July 11, 1977, was the trial date. It has long been the rule

---

[4] During oral argument counsel for the defendant directed our attention to General Order No. 6.5(b) of the Circuit Court of Cook County, effective January 6, 1977, which provides: "The half-sheet shall constitute part of the official court record in each case." However, we need not decide the applicability of that order to the case at bar.

that error or misprision of the clerk is a sufficient ground for vacating a default or *ex parte* judgment. (See, *e.g.*, *Madden v. City of Chicago* (1918), 283 Ill. 165, 119 N.E. 60; *Storm v. Ben-Lee Motor Service Co.* (1973), 11 Ill. App. 3d 516, 298 N.E.2d 315; *McCord v. Briggs & Turivas* (1928), 249 Ill. App. 516, *aff'd*, 338 Ill. 158, 170 N.E. 320; *Warner v. Wende* (1919), 214 Ill. App. 431; 4A Nichols Illinois Civil Practice §4603 (rev. ed. 1960).) Moreover, the specific type of error alleged here, the oral communication of misinformation by a court clerk, has been held to require that a judgment be vacated where the error is the cause of the petitioner's failure to appear. (*Mutual Truck Parts Co. v. Nelson* (1966), 69 Ill. App. 2d 30, 216 N.E.2d 301; *Toth v. Samuel Phillipson & Co.* (1928), 250 Ill. App. 247.) Although we note that defendant's counsel might have learned of the April trial date had he telephoned opposing counsel to inform him that he had received a later date than anticipated, we cannot say that his failure to do so and his reliance on the error of the clerk constitute a lack of due diligence.

As to defendant's diligence in filing his petition, there can be no question, for the petition was filed the very next day after defendant first learned of the judgment. What we find particularly noteworthy in this regard, however, is the conduct of plaintiffs' counsel, who never advised opposing counsel, informally or otherwise, that he was proceeding to an *ex parte* judgment. As we stated in *George F. Mueller & Sons, Inc. v. Ostrowski*: "A lawyer's professional responsibility to his client does not require him to disregard professional courtesies to opposing counsel, including * * * adherence to local customary practices designed to assure the doing of substantial justice between the parties * * *." (19 Ill. App. 3d 973, 979; see also *Manny Cab Co. v. McNeil Teaming Co.* (1975), 28 Ill. App. 3d 1014, 1020.) Indeed, professional responsibility and professional courtesy may go hand-in-hand: had counsel for plaintiffs bothered to telephone opposing counsel, as was customary, that the cause was going to proceed *ex parte*, plaintiffs might not now be in the position of appealing from a successful attack on their judgment in the court below.

We also find noteworthy the events which transpired subsequent to the entry of the judgment. Defendant was not notified of the judgment nor did he gain any knowledge of its existence until he was served with a citation to discover assets 62 days later.[5] It has repeatedly been stated that

---

[5] Although it is not raised by the parties, we question whether Cook County Circuit Court Rule 1.1(a), effective July 1, 1976, was not applicable here. That rule provides:
"Notice of all proceedings in an action shall be given to all parties who have appeared and have not been found by the court to be in default, unless such notice is excused pursuant to Supreme Court Rule 104(c)."
Supreme Court Rule 104(c) (Ill. Rev. Stat. 1977, ch. 110A, par. 104(c)) provides for excuse upon "good cause shown on ex parte application." In the instant case, defendant had appeared and answered and therefore could not have been found in default (*Storm v. Ben-*

service of an execution more than 30·days after rendition of a judgment casts a cloud upon the proceedings which the court may consider in determining the sufficiency of a section 72 petition. (*Manny Cab Co. v. McNeil Teaming Co.; George F. Mueller & Sons, Inc. v. Ostrowski; Stehman v. Reichhold Chemicals, Inc.* (1965), 57 Ill. App. 2d 40, 206 N.E.2d 299.) Such inaction makes the plaintiff more vulnerable to a petition for relief from the judgment. *Hall v. Hall.*

In this light we turn to plaintiffs' primary contention on appeal, that defendant's petition was insufficient in that it failed to allege a meritorious defense to the original action or any facts from which the existence of a meritorious defense could be determined. (See *Aetna Casualty & Surety Co. v. Sanders* (1973), 15 Ill. App. 3d 573, 305 N.E.2d 25; *Mutual National Bank v. Kedzierski* (1968), 92 Ill. App. 2d 456, 236 N.E.2d 336; *Grizzard v. Matthew Chevrolet* (1963), 39 Ill. App. 2d 9, 188 N.E.2d 59; *Sarro v. Illinois Mutual Fire Insurance Co.* (1962), 34 Ill. App. 2d 270, 181 N.E.2d 187; *Whalen v. Twin City Barge & Gravel Co.* (1935), 280 Ill. App. 596.) Plaintiffs allege that this defect constituted a fatal insufficiency in the petition. .

Defendant responds by pointing out that in none of the cases cited by plaintiffs had an answer been filed to the claim on which judgment was eventually entered against the petitioner. Defendant contends that where, as here, a petition follows an *ex parte* proceeding in which judgment was entered against a defendant who had filed an answer, the court may look to the answer and other pleadings on file to satisfy the requirement that a meritorious defense be pleaded. (See *Hall v. Hall* (1973), 15 Ill. App. 3d 599, 602; *Storm v. Ben-Lee Motor Service Co.* (1973), 11 Ill. App. 3d 516, 519-20; *Mutual Truck Parts Co. v. Nelson; cf. Clark v. Brown* (1970), 121 Ill. App. 2d 280, 257 N.E.2d 565.) Defendant also points out that while a defendant seeking to set aside a default judgment must allege facts showing that he has a meritorious defense, a plaintiff seeking relief from an *ex parte* order of dismissal is not required to allege facts showing that he has a meritorious cause of action. (See *Windmon v. Banks* (1975), 31 Ill. App. 3d 870, 335 N.E.2d 116; *Smith v. Pappas* (1969), 112 Ill. App. 2d 129, 251 N.E.2d 390.) Defendant implicitly argues that his situation, that of a defendant with an answer on file, is more closely analogous to that of a dismissed plaintiff, since in each case there is a pleading on file to which the court can refer.

However, the answer in the case at bar, beyond the admission that defendant is plaintiffs' landlord, consists solely of denials. Although the allegations in plaintiffs' complaint are sparse, and though we note that in some cases the only defense might lie in a complete denial (compare *Keel v. Kostka* (1969), 106 Ill. App. 2d 172, 245 N.E.2d 607, with *Grizzard v.*

*Lee Motor Service Co.* (1973), 11 Ill. App. 3d 516, 298 N.E.2d 315), and there is no indication that notice was excused upon application, yet no notice was given.

*Matthew Chevrolet*), something more in the way of factual allegations in support of a defense than a general denial in the case at bar would seem to be required by the decisions plaintiffs cite. (See, *e.g., Aetna Casualty & Surety Co. v. Sanders*, 15 Ill. App. 3d 573, 577-78.) In addition, we are reluctant to look to the allegations of fact in defendant's first motion to vacate, as the motion is not properly in the record. But, most important, we note that the trial court in the case at bar did not, in fact, look to the pleadings on file. The court was aware that no allegation of a meritorious defense and facts in support thereof appeared in the petition; yet the court proceeded to grant the petition on the ground that the clerk's mistake constituted a good excuse for defendant's nonappearance and was itself a sufficient basis for relief.

We cannot say that this decision was an abuse of discretion. No case has been cited by the parties or found by this court in which the petitioner had a good excuse for his nonappearance and had exercised due diligence in filing his petition, yet whose petition was denied for failing to comply with the meritorious defense requirement, and we question whether such rigid enforcement of the requirement would be just. Moreover, since, as we have noted before (*Lammert v. Lammert Industries, Inc.* (1977), 46 Ill. App. 3d 667, 674), one purpose of a section 72 petition is to bring before the court matters of fact which, had they been known to the court at the time judgment was entered, would have prevented rendition of the judgment, it is significant that the same judge who presided at the *ex parte* proceeding in the case at bar also considered the petition setting forth the clerk's mistake. And even in one of the leading cases setting forth the meritorious defense requirement and relied upon by plaintiffs, the court noted in denying the petition that "the petition does not allege misinformation as to the trial date by an officer of the court as the cause of [petitioner's] failure to appear," implying that such an allegation would have made a difference. *Mutual National Bank of Chicago v. Kedzierski* (1968), 92 Ill. App. 2d 456, 462; accord, *Taylor v. Coghlan* (1897), 73 Ill. App. 378.

■■ We also question the applicability of the meritorious defense requirement where, as here, petitioner has an answer on file. If the rationale behind the requirement is said to be that the court should not vacate a judgment unless from the merits it can determine that there is "a reasonable expectancy that it might do it differently" at a later date (*Sarro v. Illinois Mutual Fire Insurance Co.* (1962), 34 Ill. App. 2d 270, 275), perhaps there is reason to require that a defendant who has defaulted and has never indicated a desire to defend on the merits should give the court some idea of the merits on which he now seeks to contend, though we wonder how often the court will really be able to make the determination the requirement supposedly permits. But a defendant who seeks relief from an *ex parte* judgment in an action in which he has filed an answer has

already indicated a desire to contest the case on the merits. His situation is more closely analogous to that of a plaintiff who has filed a complaint but whose action has been dismissed for want of prosecution. The plaintiff need not allege facts showing that he has a meritorious cause of action, only those which allegedly entitle him to the relief sought in the petition, yet there is no guarantee that the plaintiff will ultimately prevail in his claim if the petition is granted. "To require the defendant in this situation to reiterate his contentions in the body of the petition is to exalt form over substance" (*Hall v. Hall* (1973), 15 Ill. App. 3d 599, 602), and we agree that the requirement that a defendant allege proof of a meritorious defense when there is already an answer on file is "manifestly unrealistic." (*Storm v. Ben-Lee Motor Service Co.* (1973), 11 Ill. App. 3d 516, 520.) Rather, where a defendant has an answer on file and his alleged ground for relief is the existence of some ultimate fact, which, if it had been known to the court at the time of the judgment, would have prevented entry of the judgment, we think it is sufficient if the allegations of the petition are "framed to support the existence of the ultimate fact asserted" and the requisite due diligence. (*Smith v. Pappas* (1969), 112 Ill. App. 2d 129, 133.) Here, the fact asserted was the clerk's error, which, the court found, would have prevented it from entering judgment. Again we cannot say that that decision constitutes an abuse of discretion.

For all the reasons given above, we cannot find that the trial court abused its discretion in granting defendant's petition to vacate. Accordingly, the judgment is affirmed.

Affirmed.

PERLIN and BROWN, JJ., concur.